ELIZABETH W. H. STICKNEY, executrix, *vs.* MARY L. HAMMOND.

Essex.   November 7. — 20, 1884.   FIELD & C. ALLEN, JJ., absent.

A testator left two instruments of different dates, each purporting to be his last will, and each containing a clause expressly revoking all wills theretofore made. The two instruments were alike, except that the later one contained a clause exempting the executor from giving sureties on his probate bond. Neither instrument mentioned the widow of the testator. The later instrument was offered for probate, and general notice to all persons interested was published by order of court, and the instrument was admitted to probate by the Probate Court. An appeal was taken to this court by the heirs at law; the executor declined to defend against the appeal, as did the devisees, upon notice being given to them. Thereupon this court passed a decree, reciting the failure of the executor and the devisees to appear and defend, and ordering that the will was not proven and that the appeal be sustained, and reversing the decree of the Probate Court. The prior will was then offered for probate, and the widow offered the later instrument in evidence as a revocatory instrument only. *Held*, . that it was inadmissible.

APPEAL by Mary L. Hammond from a decree of the Probate Court admitting to probate a certain paper writing, dated June 14, 1877, purporting to be the last will and testament of Andrew W. Hammond, as and for such will and testament. Hearing before *Morton*, C. J., who allowed a bill of exceptions, in substance as follows :

It appeared in evidence, and upon the admissions of the parties, that Andrew W. Hammond died in January, 1879, leaving several paper writings purporting to be wills, in all of which Elizabeth W. H. Stickney was named as executrix or co-executrix ; that she presented the latest of said writings, dated September 8, 1877, for probate, which writing contained a provision revoking all prior wills ; that the usual general notice to all persons interested was published by order of said court ; that the appellant in this case did not appear for or against the probate of said will, which was allowed by the Probate Court to be the last will and testament of Andrew W. Hammond ; that thereupon several of the heirs at law of Andrew W. Hammond, not including the present appellant, his widow, duly appealed from said decree of the Probate Court to this court, the reasons of appeal being as follows :

" First. That the said instrument was not duly executed according to law as and for the last will and testament of the said Andrew W. Hammond.

" Second. That at the time of executing the said instrument the said Andrew W. Hammond was not of sound and disposing mind and memory.

" Third. That the said alleged instrument was procured to be made and executed by the undue, improper, and unlawful influence of his daughter, Elizabeth W. H. Stickney, or some other person."

The appeal was duly entered, and remained in this court until November term, 1881, when the same came up for trial, and the executrix, being in Europe, through her counsel declined further to defend against said appeal ; whereupon the court ordered notice to all devisees under said will to appear and defend against said appeal and to set up said will, which notice was duly served upon all said devisees, and the case was continued, by order of the court, to the then next term of said court, namely, April term, 1882 ; and at said April term, neither the executrix nor

either of the devisees under the will appearing to defend against said appeal and to set up the will, all the devisees being represented in court, they each and all declining so to do, and no person appearing to defend against said appeal and to set up said will, the court passed the following order and decree : " It now appearing to the court that the executrix named in said will declines further to defend against said appeal, and all the devisees named therein having been notified to appear and defend against said appeal and to set up said will, and all failing to appear, it is ordered and decreed by the court that said will is not proven, and said appeal is sustained, and the parties are hence dismissed, with costs for the appellants to be paid out of the estate in controversy, and that the decree of the Probate Court admitting the alleged will of Andrew W. Hammond to probate be reversed, and the case remitted to said Probate Court for further proceedings."

It further appeared in evidence, that Andrew W. Hammond purposed to have a codicil added to the paper writing dated June 14, 1877, exempting the person therein named as executrix from giving sureties on her probate bond as such ; and that the person to whom he applied for that purpose, and who wrote the paper dated June 14, 1877, preferred to copy the writing entire, with only the change suggested, and did so, making the paper writing dated September 8, 1877. The appellant was not mentioned in either instrument.

The appellant produced the paper writing dated September 8, 1877, and offered the same as a revocatory instrument only ; and offered to prove that Andrew W. Hammond signed said writing, that the same was attested by three competent subscribing witnesses, and that said writing was signed and executed in the same manner as is required in case of a will. But the judge declined to permit the witnesses to testify in relation to the signing, executing, and attesting of said writing ; and ruled that the order and decree of this court above recited was binding upon all parties interested in said paper writing, and that the same could not be set up as a revocatory writing. The appellant alleged exceptions.

*C. P. Thompson*, for the appellant. 1. The decree of the Probate Court admitting the paper dated September 8 to probate could only be reversed for one of the causes set forth in the

reasons of appeal, and the decree of this court shows that no one of these causes existed to cause a reversal of the decree of the Probate Court. The decree of this court, taken in connection with the reasons of appeal and the fact that the appellant was not a party to those proceedings, left the case remitted to the Probate Court without any action thereon affecting the rights of the appellant. The parties to the record may be estopped to deny the validity of the action of the court, as it was done with their knowledge and consent, but their consent cannot affect the appellant, who was not a party to the record. A probate appeal is not a suit at law or in equity : it is merely a proceeding governed by its own special rules ; and, upon a petition for the probate of a will, there is virtually no such thing as a nonsuit or a default.

The desire of the executrix to have the probate of the will refused is no ground for such refusal, and the same is true of devisees and legatees. The devisees not wishing to take anything by the will, there is no reason why they should be compelled to do so, but the appellant has the right to have so much of it as is favorable to her remain separated from the devising part, which leaves the paper as a simple revocatory paper, duly executed as such, and standing in the same position as if the revocatory clause were the only clause in the instrument.

2. The case of *Laughton* v. *Atkins*, 1 Pick. 535, stands upon wholly different grounds from the case at bar. In that case the paper offered as a revocatory instrument had been offered for probate ; and, after due notice and a full hearing, a decree was entered that the same was procured by undue influence and persuasion and false representations, and it was decreed to be null and void in the Probate Court, from which decree no appeal was taken ; in other words, the validity of the paper offered in evidence had been impeached and decreed to be invalid by a court having jurisdiction of the subject matter, and the court ruled that between the same parties the paper could not be set up for any purpose. It is no impeachment of the paper in the case at bar, that no attempt was made to prove it, and therefore it was not proved. Of course it could not be proved without an attempt to prove it, and although the executrix and devisees have placed themselves in such a position that they cannot further deal

with the will, and the appellant in this case has no interest in the will which will give her the right to have the paper set up as a will, still it is a valid, existing paper in writing, executed as a will, which the appellant has the right to use to prove the invalidity of any will executed prior to September 8, 1877. If the will of September 8, 1877, had been adjudged an invalid will, then there would be force in the case of *Laughton* v. *Atkins* as an authority in this; but the facts in this case are so different, that that case is not an authority against the position of the appellant in this case.

3. The appellant was not summoned to appear in this court, and, if summoned in the Probate Court by the general order of notice, was not called to defend against anything but the matters set forth in the reasons of appeal. She was certainly not called upon to appear as a plaintiff, where her position at most could only be that of a defendant. The fact that the will now attempted to be set up nearly resembles the will of September 8, 1877, is not an argument why it should be admitted to probate, but a strong argument why it should not be. Is the position tenable, that the executrix and devisees can now agree not to defend further against this appeal, and, by consent, have the decree of the Probate Court reversed, and then offer a third will for probate?

*H. Carter*, (*I. A. Abbott* with him,) for the appellee.

DEVENS, J. It has heretofore been held that an instrument purporting to be a will, with a clause of revocation of former wills, cannot be offered in evidence as a revocation only, without a probate thereof. *Reid* v. *Borland*, 14 Mass. 208. *Laughton* v. *Atkins*, 1 Pick. 535. *Wallis* v. *Wallis*, 114 Mass. 510. And for this substantial reason, that it must be inferred that the testator intended to revoke former wills for the purpose of giving effect to the new disposition of his property which he has substituted for that in his former wills, and if, for want of proper execution of the subsequent will, its defective construction, or other sufficient cause, proper effect cannot be given to it, we are not to suppose that he designed to die intestate.

We can find nothing to distinguish the case at bar from those heretofore decided, and the ground upon which they rest appears to us satisfactory. Indeed, the facts as they here appear illustrate the soundness of the rule. The testator had purposed

only to add a codicil to his will made in June, 1877, and then in existence, exempting the executrix therein named from giving sureties on her bond. The scrivener to whom he applied for this purpose preferred to write out a new will, making the change suggested, and no other. He accordingly did so, and it was executed by the testator on September 17, 1877. The testator manifestly had no intention to revoke the will of June, 1877, except as he at the same time substituted therefor the instrument of later date, which differed from it only in a purely secondary matter.

The appellant deems that the case at bar may be distinguished from the case of *Laughton* v. *Atkins, ubi supra,* as the paper there offered as a will containing the revocatory clause was impeached and held invalid by reason of having been procured by undue influence and false representations, and a decree to that effect entered; while in the case at bar there was simply a failure to prove the later will to have been duly executed, no party having undertaken to do so. But the decree here made was still a refusal to admit the second instrument to probate, even if it rested upon the ground that no one had appeared or offered evidence to establish it. The appellant concedes that the executrix and the devisees under it have so conducted themselves that they cannot, in any way, further rely upon this second instrument as a will, or for any other purpose, as they were parties to the proceeding in which its invalidity was determined. But the appellant is equally bound by the decree. She was the widow of the testator; she had the general notice which was given to all when it was offered for probate; she was entitled to appear and be heard, if she deemed herself interested in the revocatory clause, or any other portion thereof. Where an instrument offered for probate as a will was, after a general notice in the usual manner to all persons interested, disallowed at the instance of an executor and devisee in a former will, it was held that an heir at law was bound by the decree. *Laughton* v. *Atkins, ubi supra.*

The ruling that the order and decree of this court was binding upon all parties interested in the second instrument, and that it could not be set up as a revocatory writing, was therefore correct.                           *Exceptions overruled.*