GARDNER, *Ex'r, v.* GARDINER *& a., Ap'ts.*

To revoke a testamentary disposition is to annul it.

An alteration of a will by the testator, which would have the effect to change his testamentary disposition of his estate, must be authenticated by an observance of the statutory requirements for the execution of wills.

When an intention to make disposition of the testator's whole estate appears from the will, as well after as before an imperfectly executed alteration, such an attempted alteration will not be given the effect to leave a portion of the estate undisposed of.

PROBATE APPEAL. Elizabeth D. Cutler died July 21, 1888, leaving a will, upon which certain erasures and an interlineation, agreed to have been made by her, appeared. The material portion of the third. clause of the will, in which the alterations appeared, as originally written, was as follows: "All the estate of which I shall die seized and possessed . . . I give, devise and bequeath in manner following, one undivided fourteenth part thereof to each of the following persons, to wit: Edmund L. B. Gardiner, Susan I. Gardiner both of Passaic New Jersey children of my nephew George A. Gardiner," and seven other persons, who are named and described, thus making a disposition of nine fourteenths. Farther on in the same clause she says,—"The remaining five fourteenths of my estate . . . I give," &c., making a disposition of that fraction and no more, and the will contains no residuary clause. The erasures and interlineation were as follows: A light line was drawn with a pencil through the word "fourteenth" in the first quotation above, and the word "twelfth" written above it with a pencil. Then the following words were erased by a light pencil mark drawn through them: "Edmund L. B. Gardiner, Susan I. Gardiner both of Passaic New Jersey children of my nephew George A. Gardiner."

The will came up for probate in solemn form November 12, 1888, and the judge of probate thereupon entered a decree approving and allowing it, to which decree was added the following: "And whereas the said Elizabeth D. Cutler, after making said will, made certain erasures and interlineations in the same; it is adjudged and decreed that the word 'twelfth' interlined is not in law a part of said will, not having been inserted in the presence of three witnesses, as required by law, and that the word 'fourteenth' erased, for which said word 'twelfth' was substituted, is a part of said will, and the following words erased, namely, 'Edmund L. B. Gardiner, Susan I. Gardiner, both of Passaic, N. J., children of my nephew, George A. Gardiner,' are not in law a part of said will, said words having been erased with the intention on the part of the said Elizabeth D. Cutler to revoke the legacies to said persons whose names are erased; and that said instrument

be proved and allowed as the last will and testament of Elizabeth D. Cutler, and so be recorded in accordance with this decree:" from which this appeal was taken by Edmund L. B. Gardiner and Susan I. Gardiner.

*Marston & Eastman* and *Wiggin & Fernald,* for the executor.

*Frink & Batchelder,* for the appellants.

BLODGETT, J.  The statute of wills provides that "No will shall be effectual to pass any real or personal estate, or to change or in any way affect the same, unless made by a person of the age of twenty-one years, of sound mind, in writing, signed and sealed by the testator, or by some person in his presence and by his express direction, and attested and subscribed in his presence by three or more credible witnesses;" and that "no will or clause thereof shall be revoked unless by some other valid will or codicil, or by some writing executed in the same manner, or by cancelling, tearing, obliterating, or otherwise destroying the same by the testator, or by some person by his consent and in his presence."  G. L., *c.* 193, *ss.* 6, 14.  The mode of revoking a will is therefore as definitely prescribed by the statute as the mode of making it; and no essential part of the one can be dispensed with any more than the other.

The first question for adjudication presented by this case arises from the attempt of the testatrix to increase a smaller devise to a larger one by substituting "twelfth" for "fourteenth" by interlineation and erasure.  While in one sense this was a revocation by the testatrix of what she had previously done, in the true sense it was an alteration.  To revoke a testamentary disposition is to annul it, so that in legal contemplation it ceases to exist and becomes as inoperative as if it had never been written.  But when by the substitution of certain words for others a different meaning is imparted, there is not a mere revocation.  There is something more than the destruction of that which has been antecedently done.  There is a transmutation, by which a new clause is created.  There is another and a different testamentary disposition, which, to have validity, must be authenticated by the observance of the statutory requirements.  *Eschbach* v. *Collins,* 61 Md. 478—*S. C.,* 48 Am. Rep. 123, 129.

It follows that the failure of the testatrix to execute her purpose in the manner prescribed by the statute (*s.* 6) prevented it from going into effect as a testamentary disposition; and as it is apparent that she had no intent to revoke except by way of alteration, and the word erased not having been so obliterated as to be illegible, there was no revocation, and the will remained intact as before.  *Jackson* v. *Holloway,* 7 Johns. 394; *McPherson* v. *Clark,* 3 Bradf. 92; *Quinn* v. *Quinn,* 1 Th. & C. 437; *Wolf* v. *Bol-*

*linger*, 62 Ill. 368; *Wright* v. *Wright*, 5 Ind. 389; *Penniman's Appeal*, 20 Minn. 245—*S. C.*, 18 Am. Rep. 368; *Stover* v. *Kendall*, 1 Cold. 557; *Bethell* v. *Moore*, 2 Dev. & Bat. 316; *Wheeler* v. *Bent*, 7 Pick. 61; *Short* v. *Smith*, 4 East 418; *Kirke* v. *Kirke*, 4 Russ. 435; *Martins* v. *Gardiner*, 8 Sim. 73; *Locke* v. *James*, 11 M. &. W. 901; 2 Am. Lead. Cas. (5th ed.) 501; Redf. Wills 325, 326; *Eschbach* v. *Collins*, *supra; Pringle* v. *M'Pherson*, 2 Brev. 279. In other words, the effect of the alteration is the same as it would have been had it been made by a codicil imperfectly executed.

The remaining question is as to the effect upon the appellants of the cancellation of their names from the list of legatees named in the first clause of the third article of the will. The appellants contend that it had no effect, while the executor contends that it effected a revocation.

We think the contention of the appellants must be sustained. Cancelling and obliterating have always been considered peculiarly equivocal acts of revocation (*Dan* v. *Brown*, 4 Cow. 490, *Smith* v. *Cunningham*, 1 Add. Ecc. 455), and eminent authorities hold that where a pencil instead of a pen is used, the cancellation is *prima facie* deliberative, and not final. 1 Jarm. Wills (5th Am. ed.) 291; 2 Gr. Ev., *s.* 681, and cases cited. If this be so, it is decisive of the contention, because no collateral evidence is presented which rebuts the presumption. On the contrary, the lightness of the pencil lines, and the failure to change "fourteenths" to "twelfths" in the succeeding clause, tend strongly to show that the act of the testatrix was conditional merely.

But it is not necessary to invoke the doctrine of Jarman and of Greenleaf. There are other and more satisfactory reasons which lead to the same result. The competency of a testator to make revocation of a devise by the simple erasure or cancellation of the name of the devisee is undoubted; but when the act of cancellation is not a substantive, independent act, but is connected with and dependent upon another, and both form but one transaction, the entire design and purpose must be considered in order to ascertain whether a revocation has been accomplished. When this is done in the case before us, it is at once apparent that the cancellation in question must be considered in connection with the preceding erasure and interlineation, and may properly be treated as relative or dependent thereon, because all the evidence indicates that the only purpose of the testatrix was to make a new disposition as to a portion of her property. There is no reason whatever to suppose that she would have revoked the legacies to the appellants if she had been aware that the proposed disposition could not be carried into effect; but, on the other hand, the fair presumption is, that her wishes with regard to her property as originally expressed would have remained unchanged, in the absence of any known reason for changing them. And this presumption is further

strengthened by the fact that otherwise there would be an intestacy as to the two fourteenths of the estate bequeathed to the appellants, for there is no residuary clause into which it can properly fall, or into which the testatrix intended it should fall.   It is clear that the testatrix did not contemplate an intestacy as to any part of her estate.   She evidently intended to make a testamentary disposition of the whole of it; and upon well settled principles her intention may be effectuated.   " When a portion of a will is cancelled with a view to a new disposition of the property, and the proposed disposition fails to be carried into effect, the presumption in favor of the cancelling will be repelled, and the will will stand as originally framed." *Penniman's Appeal*, 2 Am. Lead. Cas., *Short* v. *Smith*, *Bethell* v. *Moore*, *McPherson* v. *Clark*, *Wolf* v. *Bollinger*, and *Eschbach* v. *Collins*, *supra*.

We are therefore of opinion, and without regard to the presumption arising from the manner of its performance, that as the cancellation was not done with intent to revoke the bequests to the appellants simply, but with intent to make a new disposition of a portion of the testatrix's estate, which failed of accomplishment, the cancelling, which was done only in the view of and in order to effect that object, should be esteemed for nothing, and be considered as not having been done absolutely, but only conditionally and upon the proposed disposition being made effectual.   To give it effect under the circumstances would not only be against the authorities, but would thwart the actual intention of the testatrix, and make her intestate as to one seventh of her estate, when a contrary intent is plainly manifested in her will.   *Wolf* v. *Bollinger*, *supra*.

The decree of the probate court upon this branch of the case is reversed, and the

*Appeal sustained.*

BINGHAM, J., did not sit: the others concurred.