THE SECURITY COMPANY *vs.* ALPHEUS H. SNOW ET AL.

First Judicial District, Hartford, January Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

After providing for his wife, a testator divided the residue of his property equally among his three children. By a codicil he revoked the gift to one of his daughters and in lieu thereof gave her share to his wife in trust, to be conveyed and paid over to the daughter "as my said wife may deem for the interest and welfare of my said daughter ;" and directed that any portion of the trust property, principal or income, which should not be paid over or conveyed to his daughter during her life, should at her decease go to her "lawful heirs." The testator died in 1886 and the wife in 1895. The latter had paid over to the daughter the annual income from the trust property and a small portion of the principal. In a suit to determine the construction of the will, it was *held*:—
1. That under the statute against perpetuities which was in force when the testator died, the gift over to the "lawful heirs" of the daughter was void.
2. That the discretionary powers accorded to the wife in the discharge of the trust were purely personal and terminated at her decease; and that thereupon the trust ceased to be susceptible either of complete execution, or of partial execution in such a way as to satisfy the testator's design.
3. That the revocation of the original provision for the daughter was

indissolubly coupled with the substituted trust provision, and effectual only so far as that was effectual.

4. That upon the wife's decease the former provision stood in its original force and carried the entire trust estate to the daughter in fee simple.

The doctrine of approximation can never be invoked where its application would sacrifice the main object of a testator to one of his incidental purposes.

[Argued January 5th—decided January 21st, 1898.]

SUIT by a testamentary trustee to determine the validity and construction of the will of Alpheus F. Snow, deceased, brought to the Superior Court in Hartford County and reserved by that court, *Prentice, J.,* upon the facts stated in the complaint, for the consideration and advice of this court.

From the complaint and answers the following facts appeared: The testator, Alpheus F. Snow of Hartford, died in 1886, leaving a widow, a son, and two daughters. His will, dated in 1884, made provision for his widow, and then disposed of his residuary estate as follows:—

" All the rest and residue of my property and estate, wheresoever being, I give, bequeath and devise in equal proportions to my son, Alpheus H. Snow, to my daughter, Ellen Snow, and to my daughter, Alice D. Snow, to them and their heirs forever, the railroad stocks to be divided without sale, but the share of my daughter Alice in such stocks not to be transferred to her until she shall be twenty-seven years old; the dividends thereon in the meantime to be paid to her by my executor, and the legacies to my daughters, in case of marriage, to be to their sole and separate use, free from the control or interference of their husbands."

In 1885 he made a codicil to this will, in two articles, as follows:—

" 1. I revoke and annul any and all gifts, bequests, legacies and devises to my daughter Alice D. Snow, in or by virtue of said last will and testament.

" 2. I give, bequeath and devise to my wife, Sarah M. Snow, any and all property and estate which was given, bequeathed and devised to my said daughter in and by virtue of said last will and testament, *in trust,* however, to be in-

vested and managed by my said wife, and to be paid and delivered and conveyed by my said wife to my said daughter from time to time during her natural life as my said wife may deem for the interest and welfare of my said daughter, and any portion of said property and estate or the net income thereof which shall not be paid, delivered and conveyed as aforesaid to my said daughter during her natural life shall at her decease be paid, delivered and conveyed to her lawful heirs."

His estate was duly settled, and certain personal estate was distributed and transferred to the widow in trust for Alice, and certain real estate in Hartford surrendered to her as such trustee. There was also residuary real estate of the testator in other States. The widow never paid over any of the principal of the estate distributed to her in trust, but she received from time to time, as trustee, proceeds of land in another State, sold by the executor under a power in the will, and of timber sold therefrom, and paid them over to Alice from time to time, including them with the annual income of the trust in her accounts as trustee rendered to the Court of Probate. The widow died in 1895, and in January, 1896, the plaintiff was appointed trustee in her stead by the Court of Probate. It claims, as such, title to certain lands both in and without this State. Alice intermarried with Charles D. Burrill two months before her father's decease, and they have two minor children, and have had one who is not now living. She claims to have demanded from the plaintiff in June, 1896, a delivery of the trust estate to her as the owner in fee thereof, which the plaintiff refused. Shortly afterwards Alice D. Burrill et al. brought an action in the Superior Court for Hartford county to enforce said demand, which is still pending.

The trustee asked the direction of the court as to the following questions: (*a*) Is the gift over to the lawful heirs of Alice D. Burrill at her decease a gift of the estate to her lawful issue, or is the gift void? (*b*) Even if said gift over is void, does not the trust continue as applicable to the whole of the trust estate during the life of said Alice D. Burrill?

(*c*) Was the discretionary power given by the testator to his wife " to pay, deliver, and convey said trust estate from time to time to his said daughter, Alice D. Burrill, during her natural life as she might deem for the interest and welfare of said daughter," a personal discretion to be exercised only by his said wife, or can said discretionary power be exercised by the plaintiff as trustee under said will by succession? (*d*) Is the said Alice D. Burrill entitled to demand and receive from the plaintiff at this time any portion of the principal of said trust estate?

Alpheus H. Snow, Ellen Snow, Mr. and Mrs. Burrill, and their children were made defendants, and answers were filed by all, admitting the truth of the allegations in the complaint.

*Charles E. Gross*, for the Security Company, and John M. and Amy L. Burrill, minors.

*John T. Hubbard* and *Charles D. Burrill*, for the defendants, Alice D. and Charles D. Burrill.

*Alpheus H. Snow*, of Indianapolis, Ind., filed a brief for himself and Ellen Snow, defendants.*

BALDWIN, J. The main scheme of the will in question was to make suitable provision for the testator's widow, and then divide his residuary estate equally between his three children ; the shares of his daughters, in the event of their marriage, to be held to their sole and separate use. The codicil was made for the single object of placing the share of Alice under the control of his wife, as trustee for her benefit, with large discretionary powers. Mrs. Snow was directed to pay and convey the trust estate to Mrs. Burrill from time to time, as she, the trustee, might deem for the interest and welfare of Mrs. Burrill ; and any portion of the estate " or the net income thereof " not so paid and de-

---

* Mr. Snow's brief was in no sense antagonistic to the claims of his sister, Mrs. Burrill.

livered to her during her life, was at her decease to go to her "lawful heirs."

The trustee was not required to pay over the annual income from the trust estate to Mrs. Burrill during her life. The trust created was such that it might be terminated at any time during her life, at the discretion of the trustee. Whether it should endure for a few months or for many years was to be determined by Mrs. Snow, in view of what she might consider to be the true interest of Mrs. Burrill. The testator apparently thought it uncertain whether that would be promoted by her having in her own control either the entire principal or the entire income. He contemplated it as possible that part of the income might be withheld from her during her life; and made provision for that contingency, by the same gift in remainder, which he intended to carry to her lawful heirs any of the principal that might, at her decease, remain in the hands of the trustees.

The death of Mrs. Snow, before making over to Mrs. Burrill any considerable portion of the estate, rendered it thenceforth impossible to promote his daughter's interest and welfare in the manner contemplated by the testator. The discretionary powers which he gave to his wife for that purpose were purely personal and ended with her life. If the trust is to continue during Mrs. Burrill's life, there can be no further surrender to her of any portion of the principal, and either all the accruing income must be paid to her, or none. There is no express authority for paying over any of it, and if authority can be implied from the evident purpose of the testator to provide for her proper support, it must be conceded without limits.

The gift in remainder to her "lawful heirs" is void by reason of the statute of perpetuities which was in force when the testator died, under the rule laid down in *Leake* v. *Watson*, 60 Conn. 498.

If, then, the decease of Mrs. Snow left it possible to give the second article of the codicil any further effect, it can be only to keep the estate in the custody of the plaintiff during Mrs. Burrill's life, and give her meanwhile the entire income.

This may amount to a greater sum than the testator thought it might be best for her to use under some circumstances, and a less sum than he thought it might be best for her to use under other circumstances. The person on whose judgment of her circumstances he depended for measuring out from time to time what on the whole would best promote her welfare, is no longer in existence. His will, therefore, as expressed in this article, cannot now be carried out, as to the disposition either of the income or principal of the trust estate.

If the plaintiff can retain the fund until the decease of Mrs. Burrill, it must be under the doctrine of approximation; but this can never be invoked where its application would sacrifice the main object of a testator to one of his incidental purposes. *Hayden* v. *Conn. Hospital*, 64 Conn. 320, 324. The main object of this article of the codicil was to benefit Mrs. Burrill by giving her whatever it was best for her to receive, both of the principal and income, of a share in his estate equal to that left to his other children. The provision for her heirs was inserted in view of an incidental contingency. Nothing was to come to them which it might be deemed judicious to turn over to her. During the life of Mrs. Snow the trust might have been given full effect, but only by a transfer of the entire estate to Mrs. Burrill. That not having been done, it is no longer susceptible either of complete execution, or of partial execution in such a way as to satisfy the testator's design.

The first article of the codicil expressly revokes the disposition made in the will in favor of Mrs. Burrill, but it is apparent that this was done not to diminish her equal share in the estate, but to transfer it to a trustee so as to secure it more effectually for her benefit. I give to my wife in trust, says the testator, "any and all property and estate which was given, bequeathed and devised to my said daughter in and by virtue of said last will and testament." It being his manifest intention to revoke the provision in the will only for this purpose, so far as the purpose fails of effect, the revocation must fall with it. Both articles of the codicil must

be taken together to ascertain his true meaning. It was no part of this that he should die intestate in respect to the third of his residuary estate with which alone he was dealing. The revocation of his former provision for Mrs. Burrill was indissolubly coupled with the creation of the substituted provision. It may be given effect, so far as the substitution is valid, but no farther, because so only can the plain purpose of the testator be attained, and the mutual dependence of the two articles of the codicil preserved. The whole instrument was a single testamentary act, and must be read as if the testator had expressly declared that he revoked the gift made to Alice in his will simply in order to put it in a different form. *Rudy* v. *Ulrich*, 69 Pa. St. 177, 183; *Stickney* v. *Hammond*, 138 Mass. 116, 120; *Powell* v. *Powell*, L. R. 1 P. & D. 209.

The rule of construction upon which we proceed is analogous to that governing a revocation which is grounded on a state of facts which proves not to exist. It falls when its foundation falls. *Dunham* v. *Averill*, 45 Conn. 62.

The case of *James* v. *Marvin*, 3 Conn. 576, which holds that a revoking clause in a second will destroys the first, whether the second ever becomes effective as a testamentary act or not, was decided before our present statute of wills was enacted, and is therefore inapplicable to the question before us. *Peck's Appeal*, 50 Conn. 562.

The provision made in the will for Mrs. Burrill stands, therefore, unrevoked, except so far as her interest during the life of Mrs. Snow was placed under the latter's control. The trust was separable, and to that extent valid. *Wheeler* v. *Fellowes*, 52 Conn. 238, 247; *Morris* v. *Bolles*, 65 id. 45; *Ketchum* v. *Corse*, ibid. 85. Mrs. Snow could withhold the estate from her in whole or part, but the plaintiff has no such power. Mrs. Burrill's absolute title under the will, which was temporarily abridged or suspended under the second article of the codicil, resumed its original character upon the decease of Mrs. Snow, and the plaintiff holds simply upon a resulting trust in her favor.

The Superior Court is advised that the gift over to the lawful heirs of Alice D. Burrill is void; that the trust ter-

minated at the decease of the original trustee ; that the discretionary power given to that trustee cannot be exercised by the plaintiff as her successor; and that Alice D. Burrill became entitled, at the decease of Mrs. Snow, to demand and receive from the plaintiff the whole of the trust estate, to be held by her to her sole and separate use.

In this opinion the other judges concurred.