KENDALL A. SANDERSON *vs.* BURT F. NORCROSS, administrator.

Plymouth.   November 29, 1921. — June 28, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Probate Court,* Appeal, Agreed facts.   *Will,* Dependent relative revocation. *Evidence,* Presumptions and burden of proof.

Upon an appeal to this court from a decree of the Probate Court disallowing a will, where the record shows that the matter was heard in the Probate Court upon a petition for proof of the will and an agreed statement of facts, this court stands where the judge of the Probate Court stood and considers the case without presumption in favor of the finding below.

The doctrine, that a revocation of a will, founded on supposed facts which turn out not to exist, falls when the foundation falls, is so generally adopted that it is recognized as a part of our law.   Per RUGG, C.J.

A will, which remained in the exclusive possession of the maker, an intelligent business man, until his death, was then found in his safe with the signature scratched out, with lines drawn through the names of the witnesses and through two bequeathing paragraphs and with these words written in the margin in the handwriting of the testator: "This will is void as I have made a later one," followed by his signature, unwitnessed.   No later will was found but in the safe with the instrument was found an undated memorandum containing provisions identical with the original will except that it lacked one of the two bequeathing paragraphs through which lines were drawn, a different person was named as executor, there was no *in testimonium* clause and no clause for witnesses and it was neither signed nor witnessed.   The Probate Court disallowed a petition for probate of the alleged will.   The petitioner appealed. *Held,* that

(1) The scratching out of the signature of the deceased and the drawing of lines through those of the witnesses constituted a cancellation;

(2) The sentence written and signed on the margin but without witnesses would not constitute a revocation;

(3) There was nothing in the record to indicate, with that degree of certainty which must prevail when deciding the intent of a dead man as to testamentary disposition of his estate, whether the decedent intended the cancelled will to remain as his final expression of desire unless he should leave a later valid will, or whether he intended the cancellation to stand even though he left no will;

(4) As matter of law on the agreed facts there was nothing to support a finding in accordance with a contention of the petitioner that the cancellation of the will was made by the decedent conditional upon his leaving a later will, and therefore the generally accepted doctrine, that a revocation grounded on supposed facts, which turn out not to exist, falls when the foundation falls, did not apply;

(5) The decree disallowing the will was affirmed.

PETITION, filed in the Probate Court for the county of Plymouth on October 19, 1920, for the proof and allowance of the will of Otis L. Norcross, late of Rockland, and the appointment of the petitioner as administrator with the will annexed.

In the Probate Court the petition was heard by *L. E. Chamberlain,* J., upon agreed facts which are described in the opinion. The judge ordered a decree disallowing the will; and the petitioner appealed.

*K. A. Sanderson, pro se.*

*D. R. Coughlan,* for the respondent.

RUGG, C. J. This is a petition for the proof and allowance of a will. The pertinent facts are that Otis L. Norcross, an intelligent business man, in October, 1913, duly executed the will here offered for probate. Thereafter it remained exclusively in his possession until his death in April, 1919. It then was found in his safe as left there by him, with the signature scratched out, with lines drawn through the names of the witnesses and through two bequeathing paragraphs in the body of the instrument, and with these words written on the margin in the handwriting of the testator: "This will is void as I have made a later one — Otis L. Norcross." No later will was found, but in the safe with this instrument was an undated memorandum containing provisions identical with the original will except that it lacked one of its bequeathing paragraphs, being one of the two through which lines were drawn, a different person was named as executor, there was no *in testimonium* clause and no clause for witnesses, and it was neither signed nor witnessed.

Every question of fact is resolved against the petitioner by the decree disallowing the will; but, the case having been heard upon an agreed statement of facts and coming to this court by appeal, and the procedure in probate following that in equity so far as applicable, G. L. c. 215, § 21, *Crocker* v. *Crocker,* 188 Mass. 16, this court stands where the judge of probate stood and considers the case without presumption in favor of the finding below. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334.

It has not been argued that the facts did not warrant and indeed require a finding that the will was sufficiently cancelled and obliterated by the deceased to constitute a revocation. G. L. c. 191, § 8. The scratching out of the signature of the

deceased and the drawing of the lines through those of the witnesses constitute a cancellation. The sentence written and signed on the margin but without witnesses would not constitute a revocation. *Brown* v. *Thorndike,* 15 Pick. 388. That sentence, however, furnishes the basis for the contention that the revocation was conditional upon the making by the deceased, or the mistaken notion that he had made, a new and valid will, and that, since that condition never came into existence, the intent to revoke never became operative, and that hence the original will stands notwithstanding the acts of obliteration.

The doctrine is widely established that a revocation of a valid will, which is so intimately connected with the making of another will as to show a clear intent that the revocation of the old is made conditional upon the validity of the new, fails to become operative if the new will is void as a testamentary disposition for want of proper execution. Revocation in its last analysis is a question of intent. A revocation grounded on supposed facts, which turn out not to exist, falls when the foundation falls. Hitherto this court has never had occasion expressly to pass upon the soundness of this precise doctrine, although it was adverted to and impliedly recognized in *Laughton* v. *Atkins,* 1 Pick. 535, 544. See also *Pickens* v. *Davis,* 134 Mass. 252; *Wallis* v. *Wallis,* 114 Mass. 510; *Stickney* v. *Hammond,* 138 Mass. 116, 120. It is so generally adopted that it is recognized as a part of our law without further discussion. *Thompson, appellant,* 116 Maine, 473, 480. *Smith* v. *Runkle,* 97 Atl. Rep. 296, 305, affirmed in 86 N. J. Eq. 257. *Wilbourn* v. *Shell,* 59 Miss. 205, 209. *In re Knapen's Will,* 75 Vt. 146. *County Commissioners* v. *Scott,* 88 Minn. 386, 388. *Melville's Estate,* 245 Penn. St. 318, 325. *Strong's Appeal,* 79 Conn. 123. *Jackson* v. *Holloway,* 7 Johns. 394. *McIntyre* v. *McIntyre,* 120 Ga. 67. *Billington* v. *Jones,* 108 Tenn. 234, 240. *Gardner* v. *Gardiner,* 65 N. H. 230, 233. *Schmidt* v. *Bauermeister,* 279 Ill. 504, 512. *Pringle* v. *M'Pherson,* 2 Brev. 279. *Dancer* v. *Crabb,* L. R. 3 P. & D. 98, 104. *Dixon* v. *Solicitor to the Treasury,* [1905] P. 42. See 33 Harv. Law Rev. 337 *et seq.,* and cases collected. It is a principle to be applied with caution. We should hesitate to indorse many of the decisions in which it has been invoked. The statutes contain simple, clear and definite rules for the execution and revocation of wills. Rigorous adherence to these rules will

in the end be more likely to effectuate the underlying purposes of those who leave property than an attempt to extract an uncertain intent from equivocal circumstances. Courts have no power to reform wills. Hypothetical or imaginary mistakes of testators cannot be corrected. Omissions cannot be supplied. Language cannot be modified to meet unforeseen changes in conditions. The only means for ascertaining the intent of the testator are the words written and the acts done by him. *Polsey* v. *Newton,* 199 Mass. 450. *Eustace* v. *Dickey,* 240 Mass. 55, 72, 73, and cases there collected.

There is nothing to show the order of events with respect to the two papers found in the safe of the deceased. It may be that the memorandum was written earlier than the cancelled will. The statement written in the margin shows that the deceased knew that a writing, in order to constitute a will, must be signed by the maker and by three witnesses. This is inferable from the facts that he was an intelligent business man and had already made one will which was before his eyes at that moment. His assertion on the margin of the will over his own signature that "This will is void as I have made a later one" seems incompatible with the idea that he was referring to the memorandum as "a later one." That was undated and was not a will at all. Whether he wrote on the margin of the will before, or after, or at the same time he cancelled it, is not shown. One surmise is no better than another on this point. That signed sentence contains no reference whatever to the cancellation of the will or the obliteration of the two bequeathing clauses. It may well have been disconnected in time and dissociated in thought with the other marks on the will. The decedent may have made another valid will and thereafter utterly destroyed it so that there would be no memory of it after his death. If he had merely been dissatisfied with one or two bequests in the cancelled will, those might have been obliterated, excised or torn out, and the remainder of the will stood as valid. *Bigelow* v. *Gillott,* 123 Mass. 102. This record is bare of anything to indicate with the degree of certainty which must prevail when deciding the intent of a dead man as to testamentary disposition of his estate, whether this decedent intended the cancelled will to remain as his final expression of desire unless he should leave a later valid will, or whether he

intended its cancellation to stand even though he left no will. The whole subject is wrapt in speculation and conjecture without proof. The cancellation of the will is clear and unmistakable. That alone is beyond peradventure. There is no evidence as to the other testamentary intentions of the decedent. As matter of law on the agreed facts there is nothing to support a finding that the cancellation of the will was made by the decedent conditional upon his leaving a later will.

*Decree affirmed.*