PHYLLIS H. SCHNEIDER *vs.* AMY E. HARRINGTON & others.

Middlesex.　January 9, 1947. — January 31, 1947.

Present: FIELD, C.J., RONAN, WILKINS, & SPALDING, JJ.

*Probate Court,* Appeal.　*Will,* Revocation.

One who was given a legacy by a provision in a will in its original form was a "person aggrieved" by a decree allowing the will with that provision obliterated, and under G. L. (Ter. Ed.) c. 215, § 9, was entitled to appeal from the decree although he had not appeared in opposition to such allowance.

In a will with numbered clauses making equal provisions for a niece and two sisters by name, stating that other sisters and brothers were intentionally omitted, and containing no residuary clause, cancellation of one of the donative clauses with an attempt, ineffectual for lack of proper authentication, to change the shares in the other donative clauses from one third to one half, showed that the intention of the testatrix was that the cancellation should be conditional upon validity of the attempted substitutions; and therefore the cancellation did not become operative.

PETITION, filed in the Probate Court for the county of Middlesex on April 8, 1946.

The case was heard by *Leggat,* J.

*J. L. Ware,* (*R. C. Baldes* & *H. G. Crockett, Jr.,* with him,) for the appellant Harrington.

Neither the petitioner-appellee nor any respondent other than the appellant filed a brief.

SPALDING, J.　This is a petition for the probate of an instrument purporting to be the last will of Letitia Bliss.　The judge of probate entered a decree allowing the will with the exception of certain portions which had been crossed out by the testatrix.　The case comes here on the appeal of Amy E. Harrington, a sister of the testatrix, who took one third of the estate under the will as executed, but nothing under the will as allowed.　Although she did not appear in opposition to the will in the court below, the appellant has a pecuniary interest affected by the decree entered there, and is entitled to appeal as a "person aggrieved."　G. L. (Ter. Ed.) c. 215,

§ 9.　*Sherman* v. *Warren*, 211 Mass. 288, 289.　*Crowell* v.
*Davis*, 233 Mass. 136, 138–139.　*Ballard* v. *Maguire*, 317
Mass. 130, 131.

The judge made a voluntary report of the material facts,
which may be summarized as follows: The will when exe-
cuted provided that the entire estate, real and personal, was
to be disposed of in the following manner: "1.　To my niece
Phyllis H. Schneider, of 2368 Washington Avenue Bronx,
New York, one third ($\frac{1}{3}$) 2.　One third ($\frac{1}{3}$) to my sister
Margaret J. Sugarman, of 177 West 95th Street New York
City, New York.　3.　One third ($\frac{1}{3}$) to my sister, Amy E.
Harrington, of New York City, New York."　There was no
residuary clause.　The testatrix at some time after the exe-
cution of the will "cancelled clause 3 in her will and at-
tempted and intended thereby to increase the shares in
clauses 1 and 2 from $\frac{1}{3}$ to $\frac{1}{2}$ each and to that end by pencil
crossed out all of clause 3 and the figures '$\frac{1}{3}$' in clauses 1
and 2.　She then inserted by pencil the figures $\frac{1}{2}$ in clauses
1 and 2 leaving uncancelled in these clauses the words 'one
third.'"　There was no codicil to the will nor was it ever
republished or reëxecuted.　The will contained the follow-
ing provision: "I am intentionally omitting my other sisters
and brothers for I feel that they are well taken care of."

It appears that the testatrix left no husband, and that
her heirs at law and next of kin were four sisters and twenty-
two nieces and nephews.　The decree of the court below
provided that the will was to be allowed except for clause
3 and the figures "$\frac{1}{3}$" in clauses 1 and 2; it also provided
that the figures "$\frac{1}{2}$" which had been substituted for the
figures "$\frac{1}{3}$" in clauses 1 and 2 were not part of the will.

By the law of this Commonwealth a will can be revoked
"by burning, tearing, cancelling or obliterating it with the
intention of revoking it, by the testator himself or by a per-
son in his presence and by his direction."　G. L. (Ter. Ed.)
c. 191, § 8.　In the case before us there was clearly a "cancel-
ling" of the third clause of the will which, if done with the
requisite revocatory intent, would constitute a revocation
pro tanto; a part of a will may be cancelled, leaving the
rest in full force.　*Bigelow* v. *Gillott*, 123 Mass. 102, 106.

*Walter* v. *Walter,* 301 Mass. 289, 291. *Batt* v. *Vittum,* 307 Mass. 488. Compare *Worcester Bank & Trust Co.* v. *Ellis,* 292 Mass. 88, 92. For reasons that will presently appear, it is not necessary to decide whether the cancelling of the figures "$\frac{1}{3}$" in the first and second clauses, leaving the words "one third" intact, would, if coupled with the necessary intent, effect a revocation of the legacies therein provided. See *Worcester Bank & Trust Co.* v. *Ellis,* 292 Mass. 88, 91. Compare *Clark & Perry* v. *Smith,* 34 Barb. S. C. 140; *In re Love,* 186 N. C. 714; *Martins* v. *Gardiner,* 8 Sim. 73.

The appellant argues that the cancellation of clause 3 was made conditional on the validity of the attempted substitutions in clauses 1 and 2, and that since these failed for want of proper authentication there was no revocation. The doctrine of conditional revocation (frequently, but less aptly, called dependent relative revocation) [1] is recognized in this Commonwealth. In *Sanderson* v. *Norcross,* 242 Mass. 43, 45, it was said, "The doctrine is widely established that a revocation of a valid will, which is so intimately connected with the making of another will as to show a clear intent that the revocation of the old is made conditional upon the validity of the new, fails to become operative if the new will is void as a testamentary disposition for want of proper execution. Revocation in its last analysis is a question of intent. A revocation grounded on supposed facts, which turn out not to exist, falls when the foundation falls." After recognizing the doctrine as part of our law, the court went on to say that "It is a principle to be applied with caution. . . . Courts have no power to reform wills. . . . Omissions cannot be supplied. . . . The only means for ascertaining the intent of the testator are the words written and the acts done by him" (pages 45–46). It has been held on the authority of *Sanderson* v. *Norcross* that where a testator cancels or obliterates portions of his will in order to substitute different provisions, and in such a way as to show a clear intent that the revocation is conditional on the validity of the substitution, and the substitution fails for want of

---

[1] See Warren, 33 Harv. L. Rev. 337.

proper authentication, the will stands as originally drawn. Thus in *Walter* v. *Walter*, 301 Mass. 289, the testatrix, after her will had been executed, obliterated the description of real estate in two devises, and then interlined different descriptions which were not properly authenticated. The decree of the Probate Court allowed the will, but disallowed the devises which had been obliterated. On appeal, this court reversed the decree, holding that the obliterations when considered with the interlineations disclosed an intent on the part of the testatrix to revoke only if the interlineations were valid as a substitute, and that parol evidence was admissible to prove the original wording of the obliterated clauses. See also *Porter* v. *Ballou*, 303 Mass. 234. Cases in other jurisdictions reaching the same result on similar facts are *Wolf* v. *Bollinger*, 62 Ill. 368, *In re Bonkowski's Estate*, 266 Mich. 112, *Thomas* v. *Thomas*, 76 Minn. 237, *Gardner* v. *Gardiner*, 65 N. H. 230, *Stover* v. *Kendall*, 1 Coldw. 557, *In re Knapen's Will*, 75 Vt. 146, *In re Appleton's Estate*, 163 Wash. 632, and *Will of Marvin*, 172 Wis. 457. See notes in 62 Am. L. R. 1367, 1401–1406, and 115 Am. L. R. 710, 723.

We think that the principle discussed above is applicable here. It is clear that the cancellations and the substitutions were inextricably linked together as parts of one transaction; and it is evident that the testatrix intended the cancellations to be effective only if the substitutions were valid. But the substitutions, inasmuch as they were not authenticated by a new attestation as required by statute, were invalid. Consequently the cancellations never became operative. Additional support for this conclusion, if any is needed, may be found in the fact that the will contained no residuary clause, and if the decree entered in the court below should stand there would be a partial intestacy — a result which we think the testatrix did not intend. It follows that the decree of the Probate Court is reversed, and a new decree is to be entered allowing the will as worded prior to the attempted changes.

The appellant has asked that costs and expenses be allowed out of the estate. We think that the circumstances here are such that this motion should be granted. The

Probate Court may therefore make reasonable allowances for costs and expenses of this appeal, to be paid out of the estate.

*So ordered.*