FABIOLA LaCROIX *v.* AUREA SENECAL, INDIVIDUALLY AND AS EXECUTRIX (ESTATE OF CELESTINE L. DUPRE)

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 3—decided August 11, 1953

*Stephen A. Brennan,* with whom was *John D. Brennan,* for the appellant (plaintiff).

*William P. Barber,* with whom, on the brief, was *Raymond T. Wheaton,* for the appellees and cross appellants (defendants).

Brown, C. J. The plaintiff, a niece of the testatrix, who was left nothing under her aunt's will and cod-

icil, brought this action for a declaratory judgment as heir and next of kin. She asked in effect for a decree that one-half of the residuary estate of the testatrix is intestate and that she, as heir, is entitled to that one-half interest. The plaintiff's claim of intestacy is predicated upon the fact that one of the three subscribing witnesses of the codicil was the husband of the defendant Aurea Senecal, to whom one-half of the residue was given by the express terms of both instruments. The court held that the residuary devise and bequest to the defendant under the codicil was void but that there was no resulting intestacy as to that portion of the residue, because the gift thereof under the will is valid. The plaintiff has appealed.

The testatrix, Celestine L. Dupre, died in Putnam on April 19, 1951, leaving as her heir at law and next of kin her niece, the plaintiff. The testatrix left a will dated March 26, 1951, and a codicil thereto dated April 10, 1951. These instruments were admitted to probate on May 22, 1951. Item five of the will reads as follows: "All the rest, residue and remainder of my property of whatsoever the same may consist and wheresoever the same may be situated, both real and personal, I give, devise and bequeath one-half to my nephew, Nelson Lamoth of Taftville, Connecticut, to be his absolutely; the other one-half to Aurea Senecal of 200 Providence Street, Putnam, Connecticut, to be hers absolutely."

The codicil reads as follows: "1. I hereby revoke Item Five of said will and substitute for said Item Five the following: Item Five: All the rest, residue and remainder of property of whatsoever the same may consist and wheresoever the same may be situated, both real and personal, I give, devise and bequeath one-half to my nephew Marcisse La-

moth of Taftville, Connecticut, also known as Nelson Lamoth, to be his absolutely; the other one-half to Aurea Senecal of 200 Providence Street, Putnam, Connecticut to be hers absolutely. 2. I hereby republish and confirm my said will in all respects except as altered by this Codicil."

Aurea Senecal is not related to the testatrix. One of the three subscribing witnesses to the codicil was Adolphe Senecal, who at the time he witnessed the codicil was, and still is, the husband of Aurea Senecal. Section 6952 of the General Statutes, so far as material, provides as follows: "Every devise or bequest given in any will or codicil to a subscribing witness, or to the husband or wife of such subscribing witness, shall be void unless such will or codicil shall be legally attested without the signature of such witness . . . ; but the competency of such witness shall not be affected by any such devise or bequest." As the court pointed out in its memorandum of decision, any bequest to Aurea Senecal in item five of the codicil was void because her husband was a subscribing witness. The question left to be answered, therefore, was whether the devise or bequest to the defendant Aurea under item five of the original will stands. It is to be noted that the only difference between item five of the will and item five of the codicil is the substitution for the words "my nephew, Nelson Lamoth of Taftville, Connecticut," in the former, of the words "my nephew Marcisse Lamoth of Taftville, Connecticut, also known as Nelson Lamoth," in the latter. It is also to be noted that by the second paragraph of the codicil the testatrix confirmed the will "in all respects except as altered by this Codicil."

The defendants' brief suggests that the issue on this appeal is whether the doctrine of dependent relative revocation may be invoked to sustain a gift by

will, when such gift has been revoked in a codicil which substantially reaffirmed the gift but was void as to it under § 6952 by reason of the interest of a subscribing witness. The gist of the doctrine is that if a testator cancels or destroys a will with a present intention of making a new one immediately and as a substitute and the new will is not made or, if made, fails of effect for any reason, it will be presumed that the testator preferred the old will to intestacy, and the old one will be admitted to probate in the absence of evidence overcoming the presumption. 1 Page, Wills (Lifetime Ed.) p. 885; 1 Schouler, Wills, Executors & Administrators (6th Ed.) § 632; 57 Am. Jur. 356, § 514; note, 24 A.L.R.2d 514, 554. The rule has been more simply stated in these words: "[W]here the intention to revoke is conditional and where the condition is not fulfilled, the revocation is not effective." *Matter of Macomber,* 274 App. Div. 724, 725, 87 N.Y.S.2d 308. As is stated in that opinion at page 727, the doctrine has had wide acceptance in both England and the United States. It is a rule of presumed intention rather than of substantive law; *McIntyre* v. *McIntyre,* 120 Ga. 67, 70, 47 S.E. 501; notes, 62 A.L.R. 1367, 1401, 115 A.L.R. 710, 721, 57 Am. Jur. 357, § 515; and is applicable in cases of partial as well as total revocation. *Gardner* v. *Gardiner,* 65 N.H. 230, 232, 19 A. 651; *Schneider* v. *Harrington,* 320 Mass. 723, 726, 71 N.E.2d 242; *In re Roeder's Estate,* 44 N.M. 578, 588, 106 P.2d 847; 57 Am. Jur. 358, § 516. That it can only apply when there is a clear intent of the testator that the revocation of the old is made conditional upon the validity of the new is well brought out in *Sanderson* v. *Norcross,* 242 Mass. 43, 45, 136 N.E. 170, and in *Estate of Kaufman,* 25 Cal. 2d 854, 858, 155 P. 2d 831, where many cases are cited.

The doctrine has long been accepted in Connecticut, notwithstanding the plaintiff's claim that we should adopt the contrary view. In 1898, Justice Simeon E. Baldwin stated in a case involving a question of this nature: "It being [the testator's] manifest intention to revoke the provision in the will only for this purpose, so far as the purpose fails of effect, the revocation must fall with it. . . . The revocation of his former provision . . . was indissolubly coupled with the creation of the substituted provision. It may be given effect, so far as the substitution is valid, but no farther, because so only can the plain purpose of the testator be attained, and the mutual dependence of the two articles . . . preserved. The whole instrument was a single testamentary act, and must be read as if the testator had expressly declared that he revoked the gift made . . . in his will simply in order to put it in a different form. *Rudy* v. *Ulrich,* 69 Pa. St. 177, 183; *Stickney* v. *Hammond,* 138 Mass. 116, 120; *Powell* v. *Powell,* L.R. 1 P.&D. 209. The rule of construction upon which we proceed is analogous to that governing a revocation which is grounded on a state of facts which proves not to exist. It falls when its foundation falls. *Dunham* v. *Averill,* 45 Conn. [61]." *Security Co.* v. *Snow,* 70 Conn. 288, 293, 39 A. 153.

In a later case involving the principle, we stated: "The case, therefore, is within the reason of the rule that a writing purporting to revoke a will on account of the existence of a certain fact does not revoke it if there be no such fact. *Dunham* v. *Averill,* 45 Conn. 61, 80. It is true that the mistake is, at bottom, one of law. [The testatrix] supposed that her unsigned and unattested will would have full effect upon her decease. In law it had no effect. But as respects a question of this nature, it is immaterial whether the

mistake under which the act of revocation was done were one of fact or law. The act was nothing unless done with the intent of revocation. If the intent to revoke was, as in this case, clearly dependent on a reliance upon a certain legal consequence attributed to certain circumstances, an error in attributing that effect to them is as effectual a bar to an actual revocation as if it were a pure error of fact. *Security Co.* v. *Snow,* 70 Conn. 288, 294, 39 Atl. 153; *Stickney* v. *Hammond,* 138 Mass. 116, 120; *Clarkson* v. *Clarkson,* 2 Sw. & Tr. 497." *Strong's Appeal,* 79 Conn. 123, 125, 63 A. 1089. The plaintiff's contention that the principle adopted by this court in the above cases was overruled by *Blakeman* v. *Sears,* 74 Conn. 516, 51 A. 517, is unwarranted. Not only did the court make no reference therein to the doctrine of dependent relative revocation but at page 519 it expressly pointed out that the disposition of the corpus of the testator's estate as "made in the will he radically changed in the codicil."

So far as the factual situation is concerned, it would be difficult to conceive of a more deserving case for the application of the doctrine of dependent relative revocation than the one before us. There is no room for doubt that the sole purpose of the testatrix in executing the codicil was, by making the very minor change in referring to her nephew, to eliminate any uncertainty as to his identity. Obviously, it was furthest from her intention to make any change in the disposition of her residuary estate. When the will and codicil are considered together, as they must be, to determine the intent of the testatrix, it is clear that her intention to revoke the will was conditioned upon the execution of a codicil which would be effective to continue the same disposition of her residuary estate. Therefore, when it developed

that the gift under the codicil to the defendant Aurea was void, the conditional intention of the testatrix to revoke the will was rendered inoperative, and the gift to Aurea under the will continued in effect. The situation is well summed up in this statement by the court in a case on all fours with the one at bar: "When a testator repeats the same dispositive plan in a new will, revocation of the old one by the new is deemed inseparably related to and dependent upon the legal effectiveness of the new." *Estate of Kaufman,* 25 Cal.2d 854, 860, 155 P.2d 831. In short, in the words of the court in *Matter of Macomber,* 274 App. Div. 724, 728, 87 N.Y.2d 308, "the facts here fit well within the classic pattern of the rule in its most reliable aspect, and it ought to be applied to the facts of this case."

It only remains to consider the plaintiff's further claim that, even though the doctrine of dependent relative revocation does prevail in Connecticut, it cannot be applied in the present case because of the reason for the invalidity of the gift under the codicil to the defendant Aurea. The claim is that, since the history of § 6952 shows that from the beginning its purpose was to prevent the subversion of wills, the doctrine considered above cannot be utilized as a means of defeating the very purpose of this express statutory provision. There very likely could be a case where on the facts there would be force to this argument. However, this cannot be said to be so here. The history of the statute as traced in the plaintiff's brief shows that the subversion of wills which it was designed to prevent was that which results from the scheming activities of persons in a position to utilize the capacity of attesting witnesses to take advantage of testators by overpersuading them to make wills in favor of the scheming persons. There is no intima-

tion of any such improper attempt or achievement in the case before us. As has already been pointed out, no change of beneficiaries or in the amount or nature of any of the gifts under the will was made by the codicil. The sole motivating cause of its execution was an attempt by the testatrix to confirm and make more certain the gift to her nephew which she had already expressly provided for in the will. Under these circumstances, the purpose of § 6952 is neither challenged nor thwarted by applying the doctrine of dependent relative revocation in order to realize the obvious testamentary intent of this testatrix. As was well pointed out in a closely analogous case: "The doctrine of dependent relative revocation is basically an application of the rule that a testator's intention governs; it is not a doctrine defeating that intent. It should be applied in this case." *Linkins* v. *Protestant Episcopal Cathedral Foundation,* 187 F.2d 357, 360.

Since the defendants expressly stated that no claim is made under their cross appeal in the event that the plaintiff fails to prevail on her appeal, the former calls for no consideration.

There is no error.

In this opinion the other judges concurred.