Belknap,
June 28, 1928.

STANTON OWEN & a., *Ex'rs, v.* HELEN J. BUSIEL & a.

*Owen & Veazey,* for the plaintiffs, filed no brief.

*Frank N. Parsons* (by brief and orally), for Helen J. Busiel.

*Wayne M. Plummer* and *Richard E. Shute,* for other defendants, filed no brief.

BRANCH, J. 1. The answer filed on behalf of the defendant, Phillips Exeter Academy, contains requests for advice upon three questions in addition to those submitted by the executors. Since "bills for direction and advice are maintainable only by fiduciaries" (*McAllister* v. *Elliot, ante,* 225), and since "questions are prospectively determined by a court of equity only in behalf of trustees who in the execution of a trust are entitled to its protection" (*Glover* v. *Baker,* 76 N. H. 393, 396), these questions have not been considered except so far as their subject-matter is involved in the requests of the executors.

2. The interpretation placed by the executors upon the first paragraph of the first codicil is correct. Although this paragraph contemplates a probable sale of the testator's business before the end of the "business year" in which his death may occur and specifically authorizes the executors to carry it on during that period, it also recognizes the possibility that a sale may not be made until "thereafter" and a purpose to authorize the continued operation of the business until the sale should be made, is plainly indicated. The

348

period during which the payment of a monthly stipend to the defendant is specifically authorized is the same period during which the executors are specifically authorized to carry on the business. The implied authority to carry on the business until a sale could be made, involves also an implied obligation to continue the monthly payments to the defendant during the same interval. Any other interpretation would thwart the evident intention of the testator which was to provide abundantly for his daughter's maintenance so long as she might live. By the fourth paragraph of the will the residue of the estate is given to trustees with directions to pay the net income thereof to the defendant. The business of the testator constituted a part of the residue and the suggestion made in defendant's brief that it constituted "the bulk of the property" has not been questioned. The executors carried on the business for five years and if the monthly payments had not been continued during that time the defendant would have been deprived of the principal part of the income which her father intended her to have. The conduct of the executors correctly carried out the will of the testator.

3. The executors are advised that since the stocks mentioned in the second paragraph of the codicil were not found among the assets of the estate, the defendant takes nothing either under that codicil or under the bequest of $30,000 contained in the third paragraph of the will.

Two arguments have been advanced in support of her contention that, since the provision of the codicil cannot be executed, she is entitled to receive the $30,000 mentioned in the will: (a) that the second paragraph of the codicil did not operate to revoke the gift of money but was designed to be only a direction to the executors as to the manner in which they should satisfy the bequest of $30,000 (b) that if it be regarded as a revocation of the prior gift, it was intended to be conditional and dependent upon the carrying out of the substitute provision, and that since the substitute cannot be carried out, the original provision revives.

The first argument derives sufficient support from the language of the codicil to explain and justify the doubt felt by the executors as to their duty in the premises. If the testator's intention could be determined from other sources in accordance with the defendant's contention, it might be held that the language used was not inconsistent with that purpose, but in order to spell out such an intent from the language, it would be necessary to give the words of the testator a strained and unnatural interpretation. By directing that

the named stocks shall be transferred immediately to his daughter "in lieu of the $30,000.00 named in this will" and again explaining that he means "that these stocks shall be given to her in place of the sum of $30,000.00 given her elsewhere in this Will," the testator indicated an intention to substitute a specific bequest of named securities, which he then owned, for the money legacy previously given. The making of a new provision in substitution for an old one necessarily constituted a revocation of the latter. If the intention had been merely to give a direction to the executors as to the manner in which they should satisfy the money gift, only extreme ineptitude in the use of English could explain why the scrivener used the phrases "in lieu of" and "in place of" rather than the plain expressions "in payment of" or "in settlement of" which would have expressed the thought without ambiguity. Our conclusion, therefore, is that the provision of the codicil revoked the bequest of $30,000.

The only authority cited by the defendant in support of her contention that the revocation was intended to be conditional only and dependent upon the carrying out of the substitute provision, is *Gardner* v. *Gardiner*, 65 N. H. 230, which wholly fails to sustain it. In that case the testator undertook to cancel bequests to two persons and to increase proportionally the bequests to two others. Since the provisions for increases were not executed according to law, they were inoperative and if the cancellations had been given effect the result would have been a partial intestacy. The court, therefore, disregarded the cancellations. Since the testator's acts were ineffective at the time they were done to accomplish the complete purpose which he had in mind, they were treated as wholly nugatory.

Here the codicil was properly executed and the testator's dual purpose to revoke the gift of $30,000 and to make a substitute bequest of stocks was fully accomplished. The defendant seeks to have the prior bequest revived, not because the substitute provision was invalid, but because its effect is adverse to her interest in the light of subsequent events. There is no rule of law which makes this a sufficient reason for revival.

The legal effects of the testator's acts were, first, that the codicil revoked the money bequest, and second, that the subsequent transfer of the stocks operated as an ademption to nullify the specific legacy given by the codicil, the net result of which was to cut off the rights of the defendant under both provisions. By two subsequent codicils

the testator made specific bequests of other stocks to the defendant, and it may well be that the reason for making these gifts was his realization of the effect of his conduct in disposing of the securities which he had mentioned in the first codicil.

There is nothing in the language of the will or codicils which authorizes the executors to purchase in the market securities to take the place of those enumerated in the first codicil.

*Case discharged.*

Snow, J., was absent: the others concurred.