## In Re Sabina Knapen's Will.

October Term, 1902.

Present: Rowell, C. J., Tyler, Munson, Start, Stafford and Haselton, JJ.

Opinion filed January 31, 1903.

### Wills—Alterations—Revocation.

Alterations made by a testator in a duly executed will, which leave the original provisions decipherable and which are not made with the formalities required to make them effectual, do not revoke the instrument in whole or in part, unless the intention so to do is made out, and the will must be established as originally executed.

Appeal from a decree of the Probate Court establishing an instrument as the will of Sabina Knapen. Heard on an agreed statement of facts, at the March Term, 1902, Rutland County, *Watson, J.*, presiding. Judgment disallowing the will. The proponent excepted.

*Lawrence & Lawrence* for the proponent.

It appears that the testatrix attempted to make certain changes in her will without observing the required formalities. An interlineation is not a cancellation or an obliteration; nor do erasures in wills amount to cancellation, obliteration or revocation. These are at most but attempts to change the will. They do not disclose a purpose to revoke the will, but clearly indicate the purpose and desire that the instrument remain in force.

The original terms of the instrument being legible, the instrument must be sustained as originally drawn. Schouler on Wills, ss. 431-432; *Pennimon's Will,* 20 Minn. 245; *Dickson's Appeal,* 55 Pa. 424; *Jackson* v. *Holloway,* 7 Johns. 394; *Doane* v. *Hadlock,* 42 Me. 72.

The case of *Warner* v. *Warner*, 37 Vt. 367, is not in point, since in that case the purpose of the testator to cancel the whole will is actually expressed.

*Joel C. Baker* for the contestants.

At various times during the life of Mrs. Knapen, she made erasures upon her will, wrote other bequests in it and changed it in many respects, and materially changed many of the specific requests. It was the manifest purpose and intent of the testatrix that her will should not stand and remain as she had executed it. There was such a marking with intent to revoke that it may be said that the instrument no longer exists as it was. *Warner* v. *Warner*, 37 Vt. 367; *Evan's Appeal*, 58 Pa. St. 238.

While it may be possible to cancel certain clauses and bequests in a will without revoking the whole will, it will not be allowed where the clauses cancelled change the other clauses or render them unintelligible, or where it is manifestly the intention of the testatrix not to allow the original clauses to stand except in connection with the clauses cancelled, or the new parts inserted by interlineation. Page Wills, s. 254; *Olmstead's Estate*, 122 Cal. 224; *Damman* v. *Damman*, 28 Atl. 408.

STAFFORD, J.   The testatrix made and executed her will in due form of law, and the same is still decipherable. But afterwards she attempted to make various changes therein without complying or attempting to comply with the requirements of the statute; and the question is three-fold,—whether the will is to be established as it was when it was executed, disregarding the attempted changes; or to be disallowed as having been wholly revoked thereby; or to be established as orig-

inally executed, except as to certain clauses, and as to those to be treated as revoked by cancellation.

The will, as executed, made some special bequests, and several money bequests, and then added a residuary clause in favor of the testatrix' two sisters, Susan Tupper and Margaret Vaux. In this clause a pen and ink line has been drawn through the name "Margaret Vaux." In the margin opposite has been written in ink the word "deceased;" and at the end of the clause have been added, also in ink, the words, "Share with Mrs. Ada Stabb." The original will was type-written, and all the attempted changes made with a pen are, it is agreed, in the handwriting of the testatrix.

In one of the early clauses there was a bequest to the same Margaret Vaux of five hundred dollars. Here the name "Margaret" has been drawn through with a line in ink, and the word "deceased" written in the margin opposite; and to the clause have been added the words, "to be given to Mrs. Ada Vaux Stabb."

The next clause originally read as follows: "I give and bequeath to the two daughters of my said sister Margaret Vaux, Bessie and Ada, each, the sum of three hundred dollars. I also give to the said Bessie and Ada, each, one half dozen silver teaspoons. I also give to the said Ada Vaux my gold watch." The changes made are these: The name "Bessie" has been drawn through with an ink line where it first occurs and marked over with a pencil in the other place. The word "watch" has been marked over with a pencil. To the clause have been added in ink the words, "To be given to Mrs. Ada Vaux Stabb;" and these words have been marked over with a pencil.

In the next clause but one, a bequest of two hundred dollars has been changed by writing in ink the word "four" over

the word "two," and by writing in the margin the word "four" and the figures "400." In the next clause the name of the legatee and the words designating the amount have been drawn through with an ink line. Other similar changes have been made. New bequests have been written in the margins, and one of these has been marked over with a pencil.

First, then, do the attempted changes constitute a revocation of the will? V. S. 2354, following the English Statute of Frauds, declares: "No will shall be revoked, except by implication of law, otherwise than by some will, codicil, or other writing, executed as provided in case of wills; or by burning, tearing, cancelling or obliterating the same, with the intention of revoking it, by the testator himself, or by some other person in his presence and by his express direction." Do the alterations amount to a revocation of the will by cancellation? The agreed statement of facts does not say that the alterations were made with the intention of revoking the will, and, judging from the alterations themselves, there was no intention to revoke the will as a whole, but, on the contrary, an intention to have it stand with certain changes. There is no interference with the formal parts, and no intention to revoke the whole is anywhere expressed. In these important respects the case differs from *Warner* v. *Warner's Est.,* 37 Vt. 356, 367, where the testator had written across one page of the instrument, "This will is hereby cancelled and annulled," and under the filing on the outside, "Cancelled and is null and void. I. Warner", and had erased the words, "In testimony whereof I have." We think the attempted changes in the present case cannot be said, as matter of law, to amount to a revocation of the whole will by cancellation, for although they would, if effectual, make of it a very different instrument, yet it cannot be said therefrom that the testatrix would

not have left the instrument as it was in the first place, rather than have died intestate.

The interlineations of new and independent bequests are, of course, ineffectual. Neither do they invalidate the will, which was properly executed in its original form. *Wheeler* v. *Bent*, 7 Pick. 61; *Jackson* v. *Holloway*, 7 Johns. 394.

Do any of the attempted cancellations of separate clauses constitute a revocation of the will to that extent? If we admit that in some circumstances there may be a partial revocation, we have to take note of certain complications in the present case. This will contains a residuary clause, and every cancellation of a money legacy, and probably, as this will is written, every cancellation of a specific legacy as well, works a corresponding increase in the residuary clause. *Bigelow* v. *Gillott*, 123 Mass. 102, 25 Am. Rep. 32. If there had been no residuary clause, the cancellation of a legacy would merely have left that part of the estate to be distributed as if no will had been made, and the rest of the will would operate as before; but here the cancellation gives the residuary clause a different operation. This has been held to prevent the attempted cancellation from operating as a partial revocation. *Miles' Appeal*, 68 Conn. 237, 36 L. R. A. 176. But if we should hold otherwise upon this point, as was done in *Bigelow* v. *Gillott*, 123 Mass. 102, 25 Am. Rep. 32, we must notice a further difficulty. The testatrix has attempted to substitute a new residuary legatee in place of her deceased sister, Margaret; thus coupling the cancellation of previous bequests, and the consequent enlargement of the residuary bequest, with the substitution of a new residuary legatee; so that it is impossible to say that she would have desired to make any of the cancellations if she had not supposed that the new residuary legatee would receive the benefit arising therefrom. In short, the

alterations, when taken together, rebut the presumption of an intention to cancel any clause by itself and independently of other attempted changes and additions which are ineffectual for want of formality.

An act which might otherwise amount to a cancellation of an entire will has been held not to work that result because accompanied by other acts showing that the intention to cancel was conditional, and not absolute, as where the testator wrote upon the will the word "Cancelled," but further wrote that he intended making another will, "whereupon I shall destroy this." *In Re Brewster,* 6 Jur. (N. S.) 56, 29 L. J. P. and D. 69; Woerner's Am. Law of Administration, sec. 48, with citations. So, likewise, where the testator includes an express clause of revocation in a later will, which fails to take effect through some defect therein, but not where it fails through some cause *dehors* the instrument. *Hairston* v. *Hairston,* 30 Miss. 276.

Jarman on Wills, vol. I, p. 294, states the rule thus: "Where the act of cancellation or destruction is connected with the making of another will so as fairly to raise the inference that the testator meant the revocation of the old to depend upon the efficacy of the new disposition, such will be the legal effect of the transaction; and therefore if the will intended to be substituted is inoperative from defect of attestation, or any other cause, the revocation fails, also, and the original will remains in force." The words "or any other cause" may give the rule too much breadth, but they may be omitted without impairing the rule for our purpose. Similarly it is said with respect to partial obliterations or cancellations that if they are made with the intention of substituting other words for those cancelled, and such intention is frustrated, there is no revocation. Woerner's Am. Law of Administration, sec. 49; Jar-

man on Wills, vol. I, p. 295, with the cases cited by both authors.

As before remarked, the agreed statement upon which this case is tried, while it says that the alterations are all in the testatrix' handwriting, does not say with what intention they were made. Consequently we can assume only such intention as the acts necessarily imply. The intention to revoke is indispensable to a revocation, whatever the act may be; and here the acts, taken together, certainly do not imply an intention to revoke absolutely and unconditionally, but only to do so in connection with and dependently upon the making of certain other changes. The intention expressed in such further alterations and additions having been frustrated by failure to comply with the statute, it must be held that there was no revocation. The result is that all the attempted changes, being readily distinguishable and agreed upon, go for nothing; and the will must be established as it was originally executed.

*Judgment reversed and cause remanded.*

