### WILL OF MARVIN.

*September 24—October 19, 1920.*

*Wills: Cancellation with intent to make new will: Effect of failure of new disposition.*

1. If a testator cancels or destroys a will with the present intention of making a new disposition of his property, and the proposed new disposition fails to be carried into effect, the presumption in favor of a revocation by the canceling is repelled, and the will stands as originally made.
2. Where testatrix left all her property to one of four grandchildren, and after her death the will was found to have pencil marks through the words bequeathing the property to such grandchild, and below the attestation clause there was written with a pen a clause in the handwriting of the testatrix giving all her property, after payment of all her debts, to an orphans' home, but such clause was not signed by testatrix nor witnessed, the attempted changes did not become effective and the will remained as originally drawn.

APPEAL from a judgment of the county court of Barron county: A. F. WRIGHT, Judge. *Affirmed.*

This is a proceeding to establish a purported last will of Ella Marvin, deceased.

Mrs. Marvin was sixty-six years of age at the time of her death, May 8, 1919, at her home in Barron county. She was survived by four grandchildren, her only heirs at law. Her will, as originally drawn, left all of her property to *Earl Johnson,* one of these grandchildren. After Mrs. Marvin's death her will was found in her home with pencil marks drawn through the words by which the property was given to *Earl Johnson.* Below the attestation clause there was written with a pen the following words in the handwriting of the deceased: "I, Ella Marvin, give all that I have left after paying all debts to the Orphan's Home." There were no witnesses to the bequest set forth in this clause. The body of the will was in typewriting.

The executor of this will applied for probate thereof and

guardians *ad litem* were appointed for the grandchildren. The guardian *ad litem* of the three grandchildren not mentioned in the will contended in the county court that the pencil marks drawn through the name of *Earl Johnson* and the words by which the property was given to him were made there by the testatrix after execution of the will with the intention of revoking the bequest to *Earl Johnson*. Rowena Bairnhart, a sister of the deceased, testified to the effect that the will had always been in the possession of the deceased and was found with the cancellation marks on it after her death; also that the testatrix had expressed intention of revoking the bequest to *Earl Johnson*.

The case was tried before the court. The court found that the cancellation marks did not revoke the will or any part thereof and that the will as originally executed is the will of the testatrix. Judgment was entered allowing the will as originally drawn. This is an appeal from such judgment.

For the appellant the cause was submitted on the brief of *Coe Brothers* of Barron.

For the respondents there was a brief signed by *Charles A. Taylor*, guardian *ad litem* for *Earl Johnson*, and *J. W. Soderberg*, attorney for *T. J. Thompson*, executor, both of Barron.

SIEBECKER, C. J. The county court found the necessary facts as to residence and death of testatrix to give jurisdiction of this proceeding, also that the paper propounded as the last will was properly executed on the date it bears as Mrs. Marvin's last will. The contest arises on the issue whether or not the first paragraph of the proposed will was revoked by the testatrix. By the second paragraph she declares that she intentionally omits to make any testamentary provision for her other grandchildren. The clause written in ink beneath the attestation clause is not signed by testatrix, nor is it witnessed. An inspection of the face of the

will presents the question, Did the testatrix revoke the first paragraph unconditionally, or did she cancel the first paragraph with the intention of changing the testamentary bequest of her property from *Earl Johnson* to the Orphan's Home mentioned in the pen-written clause at the foot of the witnesses' signatures to the attestation clause? From the facts appearing on the face of the instrument showing these changes of the original will, the natural and probable inference is that at the time of the crossing out of the words in the first paragraph Mrs. Marvin had in mind such a change in making a testamentary disposition of her property. There is nothing to indicate in the changes evidenced by crossing the words of the first paragraph with a lead pencil and the written clause beneath the witnesses' signature in ink that they were made at different times, to support the claim that she first and separately and absolutely revoked the first clause of the will and thereby left a writing in the form of a will without disposing of her property. The fact that she deliberately made the original will and left the writing in the form it was in when she died, indicates pretty clearly that she at all times from the date of the making of the will intended to dispose of her property by this will. The parol proof received by the court tends to support the conclusion that from the date of the making of this will up to her death she believed she had a will. The rational conclusion is that the testatrix entertained the belief that canceling the first paragraph of the will as she did and writing the clause in ink below the will as originally made, operated to change her testamentary bequest from *Earl Johnson* to the Orphan's Home. These attempted changes failed, however, of efficacy. It is a well established rule that if a testator cancels or destroys a will with a present intention of making another and new disposition of his property or a part thereof, and the proposed new disposition fails to be carried into effect, the presumption in favor of a revocation by the canceling is repelled and the will

stands as originally made.   Since, then, it is reasonably clear that the testatrix attempted to revoke her testamentary gift to *Earl Johnson* and instead thereof bequeathed her property to the Orphan's Home, which later, bequest failed for want of meeting the legal requirements, the original will stands as her testamentary disposition of her estate upon the principle that her attempted cancellation of the first clause

"is conditional and dependent on the efficacy, of the attempted new disposition, and that failing, the revocation also fails; the purpose to revoke being considered to be, not a distinct independent intention, but subservient to the purpose of making a new disposition of the property."   1 Jarman, Wills (2d ed.) 185; 40 Cyc. 1188; *Gardiner v. Gardiner,* 65 N. H. 230, 19 Atl. 651; *Penniman's Will,* 20 Minn. 245; *Knapen's Will,* 75 Vt. 146, 53 Atl. 1003.

It follows that the attempted changes by the testatrix did not become effective, and her will as originally drawn was properly probated by the county court.

*By the Court.*—The judgment is affirmed.