*In re* BONKOWSKI'S ESTATE.

1. WILLS—DOCTRINE OF DEPENDENT RELATIVE REVOCATION.
   Doctrine of dependent relative revocation is not applicable where a will is cancelled with intent to revoke it and no new will is made nor where testator revoked, cancelled or destroyed his will with intention at some future time to make another.

2. SAME—REVOCATION—MATERIAL DIFFERENCE IN LATER WILL.
   Material difference between will destroyed and one subsequently executed is not sufficient to predicate holding that testator would not have destroyed former had he known later one would not become effective.

3. SAME—DOCTRINE OF DEPENDENT RELATIVE REVOCATION—SUBSTITUTION OF LEGATEES.
   Will remains unchanged under doctrine of dependent relative revocation, where substitution of legatees therein is ineffective because of his failure to re-execute the will.

Appeal from Saginaw; Martin (William H.), J. Submitted January 16, 1934. (Docket No. 3, Calendar No. 37,472.) Decided March 6, 1934.

Nancy Gray presented the last will of Walter Bonkowski, deceased, for probate. Frank Bonkowski and Pelagia Brzozowski filed objections thereto. Order entered admitting will to probate. Contestants appealed to circuit court. Appeal dismissed. Contestants appeal. Affirmed.

*Riley L. Crane,* for appellants.

*Picard & Heilman,* for appellee.

POTTER, J. Walter Bonkowski in June, 1930, made a will. Prior to his death he struck out of

his will the name of one of the legatees and inserted the name of another. There was no re-execution of the will. The trial court held the striking out of the name of the legatee Schmidt was done with the intention of passing the legacy to legatee Gray, but by reason of the failure to re-execute the will, this intention was defeated for want of republication, and the act of obliteration did not amount to a revocation of the will. On the other hand, appellants claim that when the name Schmidt was struck out it ended the rights of legatee Schmidt, and when the attempt to place the legatee Gray in the will failed, the money went to the children of deceased by descent.

The facts are not in dispute. The trial court found testator "requested that the name of Josephine Schmidt be stricken from the will and that the name of Nancy Gray be inserted in the will in place of the name of Josephine Schmidt, which was done by the husband of Nancy Gray, the name of Josephine Schmidt being stricken from, and the name of Nancy Gray being written into the will as it now appears, and that said Katherine Krbywinski, Nancy Gray and Frank Gray signed their respective names into the body of the will, after the second item of the will 'Witnesses to the above change.'

"The evidence failed to show that the testator in any manner re-executed the will, or made any effort to do so, either by tracing his signature to the will, nor did he in any manner republish the will, nor were all of the witnesses to the original will present at the time this purported change was made as before mentioned. * * * It is the claim of proponent that the will should be admitted to probate as it was originally written and executed June 4, 1930, while it is the claim of the contestants that the striking

out of the name of Josephine Schmidt as above mentioned was a revocation of the legacy entirely, and that the amount specified in the former legacy should be administered as an intestate estate."

Plaintiff invokes the doctrine of dependent relative revocation. Defendant contends this doctrine does not apply. It seems to be established that the doctrine of dependent relative revocation is not applicable where a will is cancelled with intent to revoke it and no new will was made. *In re Olmstead's Estate,* 122 Cal. 224 (54 Pac. 745). Even though the testator when he revoked his former will intended at some future time to make a new will, this does not bring the case within the rule of dependent relative revocation (*Townshend* v. *Howard,* 86 Me. 285 [29 Atl. 1077]) ; nor is it sufficient that a will was revoked by cancellation with the intention at some future time to execute another (*In re Emernecker's Estate,* 218 Pa. 369 [67 Atl. 701]). If the destroyed will is materially different from the later will, the court will not hold the testator would not have destroyed it had he known his later will would not become effective. *Banks* v. *Banks,* 65 Mo. 432. In fact, the rule is generally applicable that if a testator purposely and intentionally destroys his will, the doctrine of dependent relative revocation does not apply, even though testator may have intended when he destroyed his will to execute at some future time a new will disposing of all his property. *Semmes* v. *Semmes,* 7 Harr. & J. (Md.) 388.

Plaintiff relies upon *In re Penniman's Will,* 20 Minn. 245 (18 Am. Rep. 368); *Wolf* v. *Bollinger,* 62 Ill. 368; *Thomas* v. *Thomas,* 76 Minn. 237 (79 N. W. 104, 77 Am. St. Rep. 639); *Eschbach* v. *Collins,* 61 Md. 478 (48 Am. Rep. 123) ; *In re Knapen's Will,* 75 Vt. 146 (53 Atl. 1003, 98 Am. St. Rep. 808).

The trial court, in its opinion, quoted with approval from *Thomas* v. *Thomas, supra,* as follows:

"Where a portion of a will is cancelled or erased by the testator with a view to a new disposition, and the proposed disposition fails to be carried into effect, the presumption in favor of a revocation by the cancellation will be repelled, and the will will stand as originally framed, so far as it is practicable to ascertain what the former words were. Or, as sometimes stated, when words or clauses are cancelled in order to substitute others, which fail for want of due authentication, the cancellation will be treated as relative and dependent upon the efficacy of the new disposition intended to be substituted; and hence, if the disposition intended to be substituted is inoperative, the revocation fails also, and the original will will remain in force."

And 28 R. C. L. p. 186, § 143, as follows:

"It is important to observe that where an obliteration is made by testator, with the intention of making a new disposition of the property, and this intention is defeated for want of republication, the act of obliteration does not amount to a revocation, and the instrument will stand as originally framed, so far as is practicable to ascertain what the former words were."

In an annotation to *Henry* v. *Fraser,* 58 App. D. C. 260 (29 Fed. [2d] 633), in 62 A. L. R. 1401 to 1410, the authorities in the Federal court, the courts of the several States, England, Canada and Ireland are collected, analyzed and reviewed; and the rule thus stated:

"When a will, or portions thereof, are cancelled or mutilated in order to change the will in whole or in part, and the attempt fails for want of due authentication, or other cause, this effort to revoke in whole or in part will be treated as relative and

dependent upon the efficacy of the new disposition intended to be substituted, and hence, if the attempted disposition is inoperative, the revocation fails also, and the original will remains in force. This rule is styled the doctrine of dependent relative revocation. It is based upon the presumption that the testator performed the act of revocation with a view and for the purpose of making some other disposition of his property in place of that which was cancelled, and that there is, therefore, no reason to suppose that he would have made the change if he had been aware that it would have been wholly futile, but that his wishes with regard to his property, as expressed in his original will, would have remained unchanged, in the absence of any known and sufficient reason for changing them."

One of the best considered early American cases not cited in the above annotation is *Pringle* v. *Executors of General John McPherson*, 2 Brevard (S. C.), 279 (3 Am. Dec. 713), where the court, after reviewing many English authorities, concludes:

"That this obliteration, if made by the testator, was done with an intention of passing the lands contained in the same to his two youngest daughters, Nancy and Susan. That this intention being defeated, for want of republication, the act of obliteration does not amount to a revocation."

The trial court found the evidence failed to show the testator re-executed the will, after making the changes therein. In this he was correct. *In re Kohn's Estate,* 172 Mich. 342. The trial court arrived at a correct conclusion. Judgment affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.