### WOLFE v. SNYDER et al.

Civ. A. No. 12350.

District Court of the United States for the District of Columbia.

Dec. 3, 1942.

228

Arthur H. Clephane, of Washington, D. C., for plaintiff.

Lester Wood, of Washington, D. C., for defendants Claire de Haas Snyder, Virginia de Haas Davis and Maxine S. Ginter.

William H. Ramsey, of Washington, D. C., for Ida Belle de Haas.

David Wiener, of Washington, D. C., for Jennie C. Tomes.

Richard A. Mahar, of Washington, D. C., guardian ad Litem for Rose Elizabeth Merkle, Vonda Bryson McCloskey and Mary Alice McCloskey, infant defendants.

Thomas J. McFadden, of Washington, D. C., for Vesta Dubbs.

EICHER, Chief Justice.

The following propositions of law pertinent to the inquiry in this case seem to me to be settled without substantial conflict:

1. That statutes similar to D.C.Code, § 19—103 authorize revocation of a portion of a will by cancellation of a portion upon the face of the will by the testator with intent to revoke such portion, leaving the remainder of the will unaffected, if such

remainder standing alone be an understandable testamentary expression of the testator;

2. That partial cancellations will be regarded as a final act of revocation by the testatrix in the absence of evidence that the acts of cancellation were merely a deliberative act on the part of the testatrix and were performed with the intention of later executing a codicil or a new will;

3. That death of a specific legatee prior to the death of the testatrix will lapse the legacy in the absence of a statute otherwise providing;

4. That either full or partial assignment of a legacy without notice to and consent of executrix will not be binding on the executrix.

In the light of the foregoing principles of law, the Court is of the opinion that in the absence of any other evidence with regard to the intent of the testatrix in making the various cancellations in her own handwriting on the face of the original will, the unwitnessed holographic writing, Defendant 7's Exhibit 1, found after the death of the testatrix in the same drawer of her writing desk with the original will, constitutes persuasive evidence that the cancellations on the original will were conditional and deliberative and were not absolute, but were dependent upon the consummation of an effective revised disposition along the lines of the uncompleted suggestions contained in Defendant 7's Exhibit 1.

Said holographic writing was undoubtedly made during the interval between the death of her brother William T. de Haas in 1936 and her own death in 1940. The style of her handwriting in that document bears striking resemblance to the somewhat careless and free-handed writing by her of the two words "annulled" on page 2 of the original will, which at least suggests the probability that the two acts were contemporaneous. The shade of the ink also appears identical. Furthermore, there is an indication of such lack of care in the making of the cancellations and the writing of Defendant 7's Exhibit 1, as to raise the inference of intention on her part that her markings on the original will together with the separate memorandum, were to be guides to a scrivener for preparing a new will to be made independently effective. And this purpose was not consummated.

It is significant that the holographic writing substitutes $3,000 for the $2,000 given in the annulled paragraph 5 to her sister Ida Belle de Haas, substituting also for the hope expressed in paragraph 5 that what remains should go into her residue, an uncompleted direct provision for a life estate only in the $3,000. It is also significant that she intended to change the provision for two of the grandchildren of her sister Alice McCloskey from a trust to a direct gift, and that she named at least some of the heirs of William who are remaindermen under paragraph 4 over which she had written the word "deceased". Although Bryson McCloskey and Jennie E. Tomes are not mentioned in Defendant 7's Exhibit 1, that exhibit is patently incomplete and it cannot be presumed that testatrix might not have intended some alternative provision for them.

The rule from 1 Jarman on Wills, page 294, quoted by our Mr. Justice Stafford in his opinion written when he was a member of the Supreme Court of Vermont, in Re Knapen's Will, 75 Vt. 146, 53 A. 1003, 1005, 98 Am.St.Rep. 808, strikes the Court as representing the weight of authority on this point: "Where the act of cancellation or destruction is connected with the making of another will so as fairly to raise the inference that the testator meant the revocation of the old to depend upon the efficacy of the new disposition, such will be the legal effect of the transaction; and therefore if the will intended to be substituted is inoperative from defect of attestation, or any other cause, the revocation fails, also, and the original will remains in force."

As to the question of possible lapse of the trust provision in paragraph 4 for William T. de Haas, the brother of the testatrix, whose death ante-dated the death of the testatrix, the Court feels persuaded that D.C.Code § 19—110 prevents such a lapse. The first sentence of said section reads as follows: "If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator, unless a different disposition be made or required by the will."

It seems clear that the issue of William, whether children or grandchildren, would, under our statute, take for their own support and maintenance even if they were not named as remaindermen in the will. However, inasmuch as they

are made by the will outright residuary beneficiaries of the balance of the fund, they do now take it outright as "a different disposition made or required by the will".

It follows that paragraphs 5, 6, and 7 should be executed as written in the original will and paragraph 4 as herein construed.

Counsel for defendants may prepare suggested draft of Findings of Fact and Conclusions of Law for resolution by the Court.