*In re* HOUGHTEN'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—PARTIES—HEARING.
   One nominated in a will as an executor who is an active party in will contest has a right to be heard therein (Act No. 288, chap. 2, § 24, Pub. Acts 1939).

2. WILLS—ALTERATIONS—COMPLIANCE WITH STATUTES.
   Except in the case of nuncupative wills, where a testator has altered his will but has failed to comply with the statutory requirements as to execution, attestation and subscription of the instrument, as to such alterations, the will as altered cannot be probated as his will (Act No. 288, chap. 2, § 5, Pub. Acts 1939).

3. SAME—DOCTRINE OF DEPENDENT RELATIVE REVOCATION.
   The doctrine of dependent relative revocation is not applicable where a will is cancelled with intent to revoke it and no new will is made nor where testator unsuccessfully attempted to alter residuary bequest by interlineation to bequeath specific property to two other persons and stated former residuary legatee was to get nothing.

4. SAME—DOCTRINE OF DEPENDENT RELATIVE REVOCATION—INTENT.
   The doctrine of dependent relative revocation is a doctrine of presumed intention and has grown up as a result of an effort which courts always make to arrive at the real intention of the testator.

5. SAME—REVOCATION.

> The mere fact that a testator intended to make a new will, or
> made one which failed of effect, will not necessarily prevent
> a cancellation or obliteration from operating as a revocation
> for if the act of revocation is completed the will can never
> be revived.

6. SAME—REVOCATON—PARTIAL INTESTACY.

> Where alteration of will by interlineation of residuary bequest
> ineffectually attempted to bequeath specific property to two
> other persons, stated former residuary legatee was to get
> nothing and would have resulted in partial intestacy, the
> clearly expressed and accomplished revocation of the residuary
> bequest will be given effect, but other provisions of the will
> as to appointment of executor, payment of decedent's just
> debts and expenses of administration remain effective, the
> residuary property being distributed as intestate (Act No. 288,
> chap. 2, §§ 9, 80, 93, Pub. Acts 1939).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 11, 1944. (Docket Nos. 29, 30, Calendar Nos. 42,816, 42,817). Decided February 20, 1945. Rehearing denied April 9, 1945.

In the matter of the estate of Roy Houghten, deceased. Benedict H. Lee presented the will of Roy Houghten, deceased, for probate. Harry Houghten and others as heirs of Roy Houghten objected thereto. Stephen M. Stuart, as legatee, objected to admission of such will to probate in an altered form. Order denying probate. In circuit court will allowed in unaltered form. Contestants Houghten and proponents Nelson and Authier appeal. Reversed and remanded to circuit court with directions to remand to probate court for administration as intestate estate.

*Benedict H. Lee, in pro. per.*

*Walter M. Nelson,* for Louise Paquin Authier and *in pro. per.*

*Vincent P. Dacey,* for contestant heirs.

*Frank C. Golden,* for Stephen M. Stuart.

BUSHNELL, J.  The several appeals of contestants and certain proponents of the last will and testament of Roy Houghten, deceased, are presented in a single record.

On March 16, 1932, Roy Houghten, then of the city of Detroit, signed a certain instrument which was properly attested and subscribed as his last will and testament.  In this will, after providing for the payment of his just debts and the expenses of the administration of his estate, he gave, devised and bequeathed all the rest and residue of his estate to his wife, Alice B. Houghten, and in the event that she did not survive him the residue was given to his brother-in-law, Stephen M. Stuart, of Fort Myers, Florida.  Alice died in May of 1938, and Houghten died on August 10, 1943.  After some search the will in question was found with other papers of the deceased, but with alterations therein.  The language of clause 2 of the will originally read as follows:

"I give, devise and bequeath all the rest and residue of my estate, of whatsoever nature, name or description it may be and wheresoever situate to my wife, Alice B. Houghten, if she is living at the time of my death; and if she is not living at the time of my death, then I give, devise and bequeath all the rest and residue of my said estate to my brother-in-law, Stephen M. Stuart, of Fort Myers, Florida."

When the will was found the words, "my brother-in-law, Stephen M. Stuart, of Fort Myers, Florida," were lined out and there was written in handwriting (agreed to be Houghten's) this additional language:

"Give to Louise Paquin the shop and property known as 2015 South Fort St. with the business as it is, and the

property at 2747 to my attorney Walter M. Nelson Lot 10 of Whiffle & Scovel Sub, and nothing to Steven M. Stuart.''

Other than this, there was no further change in the instrument, nor was there any re-execution or re-attestation of the same.

The will in its altered form was presented for probate by Benedict H. Lee, the executor named therein. Objections to its admission were filed by the heirs at law of the deceased, who were his two brothers and the two children of his deceased sister. The heirs contended that Houghten revoked the whole of his will by cancelling and obliterating same with the intention of revoking it, and that his will was, therefore, null and void. The judge of probate held with the contestants and denied probate of the will.

On appeal, after hearing witnesses, the circuit judge, sitting without a jury, held, under the authority of *Re Bonkowski's Estate*, 266 Mich. 112, that,

"The obliterations and interlineations in the will of the deceased were ineffective and did not constitute a legal testamentary act under the statutes of this State, and that the instrument of March 16, 1932, as it was before such obliteration and interlineations were made, is in law and fact the last will and testament of Roy Houghten, deceased.''

After denial of motions for new trial by contestants and those named in the interlineations as specific devisees, an appeal was taken from the judgment allowing the original instrument.

Contestants say that the doctrine of dependent relative revocation does not apply, and contend that the instrument failed in its entirety. The claimed devisees argue that the will as altered should be admitted to probate, and they assert that the executor, to whom nothing could pass by any possible construction or interpretation, should not be heard as an appellee.

The executor is a party to the litigation and an active one. *Barber* v. *Wayne Circuit Judge,* 245 Mich. 520. See the probate code, Act No. 288, chap. 2, § 24, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-2 [24], Stat. Ann. 1943 Rev. § 27.3178 [94]). Being a party to the will contest, he has a right to be heard.

They also argue that it is the duty of courts to discover and enforce the intention of testators and, therefore, the altered will should be admitted to probate. This argument ignores the statutory requirements with respect to execution, attestation and subscription of an instrument in order to entitle it to probate, unless it be a nuncupative will. (Probate code, Act No. 288, chap. 2, § 5, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289-2 (5), Stat. Ann. 1943 Rev. § 27.3178 (75)].) Because the testator failed to comply with these statutory requirements, the instrument, as altered, cannot be probated as his last will and testament.

The heirs at law would have us set aside the judgment allowing the instrument in its original form as the last will and testament, and disallow it in its entirety because of the alteration and interlineation. They argue that any other disposition of the matter would pervert the testator's intent, it being his desire to give nothing to Stephen M. Stuart. The position taken by the heirs is inconsistent with the testator's presumed desire to give certain specified property to others. Notwithstanding this inconsistency, they seek to distinguish our holding in *Re Bonkowski's Estate, supra,* as a determination that a presumed intent may be rebuttable but not rebutted.

We recognize the strength of the reasoning in the authorities cited from other States in support of this argument, but, as stated by the trial judge, the rule enunciated in *Re Bonkowski's Estate, supra,*

should be the law of the case, unless the facts are distinguishable or there is a desire to overrule that holding. See annotations of authorities on this subject in 62 A. L. R., beginning at page 1367, and in 115 A. L. R., beginning at page 710.

The heirs further contended that the so-called doctrine of dependent relative revocation is not involved in the instant case, because the testimony shows sufficient intent on the part of the testator to revoke the will in its entirety. The probate code, Act No. 288, chap. 2, § 9, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-2 [9], Stat. Ann. 1943 Rev. § 27.3178 [79]), provides the manner and method in which wills may be revoked. This statute reads as follows:

"No will nor any part thereof shall be revoked, unless by burning, tearing, canceling or obliterating the same, with the intention of revoking it, by the testator, or by some person in his presence and by his direction; or by some other will or codicil in writing, executed as prescribed in this chapter; or by some other writing, signed, attested and subscribed in the manner provided in this chapter for the execution of a will; excepting only that nothing contained in this section shall prevent the revocation implied by law from subsequent changes in the condition or circumstances of the testator."

The trial judge applied the provisions of this statute to the instant facts in the light of the *Bonkowski Case,* saying:

"It is urged that the original bequest to Stuart was of the entire estate and that by striking out his name from the original will it was in effect a cancellation and obliteration of the only bequest in the will, which was tantamount to a complete revocation. This position overlooks the fact that the testator did more than simply cancel and obliterate the name of Stuart. In addition, he made an ineffective attempt to perform a testamentary act and to redistribute the estate formerly given to Stuart. As stated in *Will of Marvin,* 172 Wis. 457 (179 N. W. 508):

" 'It is a well-established rule that if a testator cancels or destroys a will with a present intention of making another and new disposition of his property or a part thereof and the proposed new disposition fails to be carried into effect, the presumption in favor of revocation is repelled and the will stands as originally made.' "

In *Re Bonkowski's Estate,* 266 Mich. 112, the court said:

"In fact, the rule is generally applicable that if a testator purposely and intentionally destroys his will, the doctrine of dependent relative revocation does not apply, even though testator may have intended when he destroyed his will to execute at some future time a new will disposing of all his property. *Semmes* v. *Semmes,* 7 Harr. & J. (Md.) 388."

This language is a limitation upon the application of the "dependent relative revocation" rule. This limitation was emphasized in *McIntyre* v. *McIntyre,* 120 Ga. 67 (47 S. E. 501, 102 Am. St. Rep. 71, 1 Ann. Cas. 606). The Georgia court said:

"Under the operation of this doctrine it has been held that if a testator cancel or destroy a will, with a present intention to make a new will as a substitute for the old, and the new will is not made, or if made fails of effect for some reason, it will be presumed that the testator preferred the old will to an intestacy, and this testament will be given effect. We believe this doctrine to be sound, when properly understood and properly qualified. It is a doctrine of presumed intention, and has grown up as a result of an effort which courts always make to arrive at the real intention of the testator. Some of the cases appear to go to extreme lengths in the application of this doctrine, and seem to defeat the very intention at which they were seeking to arrive. The doctrine, as we understand it and are willing to apply it, is this: The mere fact that the testator intended to make a new will, or made one which failed of effect, will not alone, in every case, prevent a cancellation or obliteration of a will from operating as a revocation. If it is clear that the cancellation and the making of the new will were parts of one scheme, and the revocation of the old will was so related to the making of the

new as to be dependent upon it, then if the new will be not made, or if made, is invalid, the old will, though cancelled, should be given effect, if its contents can be ascertained in any legal way. But if the old will is once revoked—if the act of revocation is completed,—as if the will be totally destroyed by burning and the like, or if any other act is done which evidences an unmistakable intention to revoke, though the will be not totally destroyed, the fact that the testator intended to make a new will, or made one which cannot take effect, counts for nothing. In other words, evidence that the testator intended to make, or did actually make, a new will, which was inoperative, may throw light on the question of intention to revoke the old one, but it can never revive a will once completely revoked.''

To this statement the court added:

"The matter finally turns upon the intention of the testator, and no mere presumption can be allowed to defeat this intention when it has been made to appear."

There is no doubt about Houghten's intention to revoke the devise and bequest of the residue to Stuart. He not only deleted Stuart's name from his will, but he emphasized this deletion by adding in his own handwriting, "and nothing to Steven (sic) M. Stuart." Had his altered will been re-executed and re-attested as required by the statute, supra, the result would have been a partial intestacy. Further, the devise to Louise Paquin and the devise to Walter M. Nelson were not dependent upon the revocation of the devise and bequest of the residue. He could have made such disposition of his property and still have left the residue of his estate either to Stuart or to his heirs at law as intestate property. His intent to revoke as to Stuart was clear and the means employed satisfied the requirements of our statute with respect to revocation, as hereinbefore quoted. Having intentionally revoked his will as to the disposition of his residue, the doctrine of "dependent relative revocation" as stated in the Bonkowski Case is not applicable, especially in view of

the observation of the Georgia court, as quoted from the *McIntyre Decision, supra.*

From the evidence presented in this record, it is clear that Houghten accomplished the act of revocation, in conformity with the statute. But he failed in his attempt to devise certain property to others. That which he intended and accomplished should stand and his estate must, therefore, be administered as if intestate.

The judgment of the trial court is vacated and the cause is remanded to the circuit court, with direction to remand to the probate court for administration of Houghten's estate in the light of this opinion. It is so ordered, with costs to appellants.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.

### ON APPLICATION FOR REHEARING.

PER CURIAM: Proponent and appellee, Benedict H. Lee, the executor named in the last will and testament of Roy Houghten, Deceased, seeks a rehearing for the purpose of sustaining the altered will in its entirety and, failing to do so, then to sustain the will without the residuary devise and bequest and the several other devises therein, in order "to comply with the direction of the testator that all his just debts should be paid and that Benedict H. Lee should be the executor of his estate."

We adhere to the views expressed in the opinion in this cause on February 20th last, except as stated herein, and deny rehearing.

Houghten accomplished the act of revocation of testamentary disposition of the residue of his estate, in conformity with the statute, but did not revoke his will in its entirety. There remains to be accomplished under the will the appointment of the executor, payment of decedent's just debts and expenses of administration of his estate, and distribution of the residue under the provisions of the statute of descent and distribution.*

The application for rehearing is denied.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

---

* See Act No. 288, chap. 2, §§ 80, 93, Pub. Acts 1939.—REPORTER.