## In re CHACONAS' ESTATE.
### No. 68606.

United States District Court
District of Columbia.
Nov. 8, 1948.

Hogan & Hartson and Macleay & Lynch, all of Washington, D. C., for petitioner.

Max Tendler, of Washington, D. C., for respondent, administratrix c. t. a.

TAMM, District Judge.

Nicholas T. Chaconas, a resident of the District of Columbia, died on December 5, 1946. His last will and testament, being dated the 3rd day of April, 1926, was admitted to probate in this District on January 30, 1947. During the course of the administration of the estate, the daughter of the testator, Katherine M. Lowstuter, filed a caveat challenging the will, which caveat was dismissed by this Court prior to the trial of the current action. The will of Nicholas T. Chaconas which, as indicated above, was dated April 3, 1926, directed first that "all my just debts and funeral expenses be paid as soon after my demise as shall be found convenient". The next proviso of the Will states: "My will is that the sum of ——— thousand eight hundred dollars (—,800) cash be given my beloved brother Gus T. Chaconas of Sporta, Greece."

Thereafter a residuary clause leaves the balance of the testator's estate to his "beloved wife, Lucy H. Chaconas". The provision of the will relating to Gus T. Chaconas is the subject of the current litigation. Blank spaces have been left at two points above to indicate that dispute exists as to the word and numeral operative in the will to designate the amount bequeathed to Gus T. Chaconas, in the event a valid bequest was made. From testimony of an expert document-examiner witness, during the course of the trial, the evidence established that the word "six" was initially written immediately preceding the words "thousand Eight Hundred Dollars"; that subsequently this word was written over by the word "five", and that subsequently thereto the word "tow", meaning "two" was written in this space. Similarly the testimony indicated that although the figure "2" was written very heavily preceding the figures "800" in this clause of the will, prior to the writing of the numeral "2", the numeral "5" had appeared at this point. The testimony further indicated that another numeral could have been written in this space prior to the writing of the numeral "5" and the subsequent imposition of the numeral "2". Since the numeral "2" was written by the retracing of the numeral in a heavy ink, a number of times, the figure, if any, antedating the numeral "5" has been completely obliterated from visibility either to the naked eye or by miscroscopic examination.

By way of background essential to a consideration of the questions of fact and law presented to the Court in this case, it was developed that the testator, Nicholas T. Chaconas, and his brother, Gus T. Chaconas, both resided in Washington until the return of Gus T. Chaconas to Greece in 1920. When Gus T. Chaconas left the United States to return to Greece, he owned two lots and a house which were the subject of a trust agreement by which the testator, Nicholas T. Chaconas, became the trustee in the United States to represent the interest of Gus T. Chaconas. In 1922, Nicholas T. Chaconas disposed of these properties. Gus T. Chaconas died in Greece on February 28, 1937 without ever having returned to the United States.

The petitioner in the present proceedings claims that the two minors are the children of Gus T. Chaconas and, as such, claims from the Administratrix of the estate of Nicholas T. Chaconas the amount of the bequest to their deceased father, Theodore Gus Chaconas and Katherine Chaconas, both born in Greece, came to the United States early in 1947 and in due course, through their guardian, initiated this action for the purpose of obtaining from the Administratrix of the estate of Nicholas T. Chaconas, the bequest made to Gus T. Chaconas. The Administratrix, Lucy Chaconas, widow of the testator, challenges the identity of Theodore Gus Chaconas and Katherine Chaconas as the issue of Gus T. Chaconas and, as set forth hereinafter in the statement of the issues, challenges the amount, if any, of the bequest to Gus T. Chaconas. It is the contention of the Administratrix that the paragraph of Nicholas T. Chaconas' will relating to Gus T. Chaconas, represented an intention and effort on the part of the testator to transmit to his brother, Gus T. Chaconas, the balance owing by Nicholas T. Chaconas to Gus T. Chaconas, the proceeds of the sales of property which were the subject of the trust agreement which, as noted above, antedated the will by some years.

The hearing of this case was upon an agreed Order Framing Issues to determine, without a jury, the findings of the Court upon the following questions:

"One: Are Theodore Gus Chaconas and Katherine Chaconas, minors, for whom John George Scounas is guardian, in Guardianship No. 10844 in the District Court of the United States for the District of Columbia, the issue of the same Gus T. Chaconas, deceased, who was the brother of Nicholas T. Chaconas, testator?

"Two: Was there a valid bequest in the purported Last Will and Testament of Nicholas T. Chaconas to his brother, Gus T. Chaconas?

"Three: If so, what was the amount of that bequest?

"Four: Did decedent obliterate the second paragraph of the Will to such an extent as to render that clause of the Will void?

"Five: If it is determined that the second paragraph of the Will did validly make a bequest and if it be further determined that decedent did not obliterate that provision to such an extent as to render it void, did decedent at some time subsequent to the execution of said Will make payments of sums of money with the intention that such payment or payments be deemed in partial satisfaction of the bequest, and if so, what is the total amount of such payments?"

The Court makes the following Findings of Fact and Conclusions of Law with reference to the specific questions raised by the Order framing issues:

"Q. One: Are Theodore Gus Chaconas and Katherine Chaconas, minors, for whom John George Scounas is guardian, in Guardianship No. 10844 in the District Court of the United States for the District of Columbia [now the United States District Court for the District of Columbia], the issue of the same Gus T. Chaconas, deceased, who was the brother of Nicholas T. Chaconas, testator?

"A. The Court finds that Theodore Gus Chaconas and Katherine Chaconas, minors, are the issue of the same Gus T. Chaconas, deceased, who was the brother of Nicholas T. Chaconas, testator. A preponderance of the evidence supports this conclusion.

"Q. Two: Was there a valid bequest in the purported Last Will and Testament of

Nicholas T. Chaconas to his brother, Gus T. Chaconas? A. There was a valid bequest in the Last Will and Testament of Nicholas T. Chaconas to his brother, Gus T. Chaconas.

"Q. Three: If so, what was the amount of that bequest? A. The amount of that bequest was Six Thousand Eight Hundred Dollars ($6,800.00).

"Q. Four: Did decedent obliterate the second paragraph of the Will to such an extent as to render that clause of the Will void?

█ "A. No. The action of the testator did not, within the provisions of the District Code (T. 19, § 103), revoke the second paragraph of the Will and, having failed to fulfill the statutory requirements for a legally effective change in the Will, the Will must be probated in the form and phraseology contained therein at the time of the initial and only attestation and signing of the Will. Applying the well-established doctrine of dependent relative revocation, the revision having failed to legally change the bequest, the original amount must prevail. Wolfe v. Snyder, D.C.1942, 48 F.Supp. 227.

"Q. Five: If it is determined that the second paragraph of the Will did validly make a bequest and if it be further determined that decedent did not obliterate that provision to such an extent.as to render it void, did decedent at some time subsequent to the execution of said Will make payments of sums of money with the intention that such payment or payments be deemed in partial satisfaction of the bequest, and if so, what is the total amount of such payments?

█ "A. The Court finds that the decedent did from time to time forward sums of money to Greece considering these sums of money in payment of an obligation owing from the testator to his brother, Gus. The testimony of several witnesses established this feeling on the part of the testator. However, a legacy is never presumed to be in satisfaction of a trust obligation. L.R.A.1915B, 1173; 86 A.L.R. 33. The will itself contains an absolute bequest to pay the legacy, and it likewise contains an opening clause providing for the payment of the testator's "just debts". The bequest to Gus T. Chaconas contains no instruction with regard to the gift to his "beloved brother" making it in any way related to any other obligation between the two. The phraseology of the bequest to Gus suggests a gift and the reason therefor. The intention entertained by the testator is to be ascertained from the will. American Security & Trust Company v. Sullivan, D.C., 72 F.Supp. 925; District of Columbia, et al. v. Adams, D.C., 57 F.Supp. 946. It is the finding of the Court that the sums of money which the testator forwarded to his brother in Greece were prompted by the financial obligations owing from the testator to his brother. The relationship between the testator and his brother, Gus, was an affectionate one, the testator having on various occasions sent gifts of clothing and medicine to his brother in Greece. From the evidence thus introduced it is the finding of this Court that the payment of sums of money by the testator to his brother, Gus, were not made with the intention that such payments be deemed in partial satisfaction of the bequest but that they were in payment of a prior existing obligation. The Court accordingly concludes that the Administratrix of the estate of Nicholas T. Chaconas should honor the claim of the petitioner in the current action, in the amount of $6,800 and so directs.