Christopher C. McGrath, S.
This is another example of the unfortunate result when a layman attempts to prepare his own will without the benefit of the professional advice of a lawyer.
The instrument offered for probate is a stationer’s law blank will form with spaces provided for dispositive provisions which (with one exception hereinafter discussed) were filled with typewritten matter. Following the dispositive provisions on the first page, the decedent signed his name in the presence of a notary public. The back of the first page is blank and on the second page the blank space for the appointment of an executor is filled in with the name of the proposed executor. Immediately following the naming of the executor there appears the concluding sentence: “ in witness whereof, I have hereunto subscribed my name, and affixed my seal, the......day of......, in the year one thousand nine hundred and.......” However, the decedent did not sign his name on the line provided for that purpose or on any other part of this page of the instrument. On the left *1006 hand side of this page and beneath the paragraph appointing the executor, there appear the signatures of two attesting witnesses. The only place that the decedent’s signature appears on the propounded paper is on the first page as hereinbefore indicated.
A question with relation to the validity of the propounded instrument has been raised because the decedent’s signature is followed by a clause appointing an executor. In the Matter of Winters (277 App. Div. 24, affd. 302 N. Y. 666), the court, in following a long line of decisions, held that where the testator’s signature is followed by the designation of an executor, there was a failure to comply with the statutory provisions for subscription at the end and such a will was invalid. However, the rule in Matter of Winters (supra), has been abrogated by the changes and revisions effected by EPTL 3-2.1 (subd. [a], par. [1], subpars. [A] and [B]) which read as follows:
“ (A) The presence of any matter following the testator’s signature, appearing on the will at the time of its execution, shall not invalidate such matter preceding the signature as appeared on the will at the time of its execution, except that such matter preceding the signature shall not be given effect, in the discretion of the surrogate, if it is so incomplete as not to be readily comprehensible without the aid of matter which follows the signature, or if to give effect to such matter preceding the signature would subvert the testator’s general plan for the disposition and administration of his estate.
“ (B) No effect shall be given to any matter, other than the attestation clause, which follows the signature of the testator, or to any matter preceding such signature which was added subsequently to the execution of the will.”
As pointed out by Professor Samuel Hoffman in the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 17B, EPTL 3-2.1) under this new section, subject to the specified exceptions, the testator’s failure to sign at the end will no longer defeat the provisions preceding the signature which appeared on the will at the time of execution. In the light of the provisions of the aforesaid new statute, the court holds that the appointment of the executor appearing on the paper after the testator’s signature does not void the entire instrument and does not destroy the valid provisions preceding his signature. However, the provision following his signature appointing an executor is held to be ineffective (EPTL 3-2.1, subd. [a], par. [1], subpar. [B]).
One additional problem pertaining to the propounded instrument requires comment. It appears that the testator about two years after the execution of the propounded paper sought to *1007 change this will by adding another legatee to those named in the main dispositive'paragraph. From the testimony adduced at the hearing, the court finds that the attempted unattested change in ink was not made by the testator in conformity with the statute. Accordingly, this change is wholly ineffective (EPTL 3-2.1, subd. [a], par. [1], subpar. [B]).
The testimony of the attesting witnesses indicates to the satisfaction of the court that Waddick Walter Lewandowski declared the propounded instrument to be his last will and testament; that he acknowledged his signature to each of them; that both witnesses signed the instrument at the decedent’s request; that he was of sound mind and understanding, not under restraint and in all respects competent to make a will. The propounded instrument will be admitted to probate as the will of the decedent in accordance with this decision and letters c. t. a. will issue to such person who may qualify as the fiduciary.