OPINION OF THE COURT
Bertram R. Gelfand, J.
In this proceeding, probate is sought of a testamentary instrument executed on December 8, 1982. Proponent is the nominated executor and one of decedent’s sons. Decedent died on December 13, 1982. She was survived by four adult children.
The propounded instrument bequeaths decedent’s entire estate to three of her children. The instrument consists of four typewritten pages which are numbered “1”, “2”, “3”, and “5”. Page “4” is missing.
The propounded instrument was hastily prepared for a hospitalized testatrix. The instrument was delivered to proponent to be taken to decedent for execution since the attorney-draftsman was not able to be present to supervise the execution ceremony. The absence of page “4” was discovered prior to decedent’s death, but at a time when she had deteriorated to a point where it was deemed that she should not be burdened with the execution of a corrected instrument. A copy of the missing page has been submitted to the court. This page contains a recitation of the general powers of the executor which had commenced *1053 on the preceding page and a direction with respect to the distribution of principal or income for the benefit of any legatee under a legal disability. The conclusion of this latter provision is set forth on page “5” of the instrument, upon which decedent’s signature and those of the attesting witnesses appear. Page “4” has no dispositive provisions, does not nominate any fiduciary, nor does it recite any granting or limitation of fiduciary authority which is not otherwise covered by statute (see EPTL 11-1.1). From the papers and the requests made of the probate clerk, it appears to be petitioner’s position that he wishes the will admitted inclusive of the missing page “4”. The two questions posed are, whether proponent’s request to admit page “4” to probate can be granted and if it isn’t, whether the absence of this page from the instrument fatally impugns the admissibility of the entire instrument.
The primary question as to the admissibility of the instrument including page “4” must be answered in the negative. Fundamental to our entire statutory scheme is that a testamentary instrument, other than a holographic will prepared in accordance with EPTL 3-2.2, is admissible to probate only if it had been executed in accordance with the provisions of EPTL 3-2.1. Basically, this requires, inter alia, that the testatrix embraced the instrument as hers at the time she signed it or acknowledged her signature in the presence of two witnesses. This precludes any correction or alteration of the instrument after execution. Our body of law is replete with decisions that reject efforts by the testatrix to alter or correct the instrument after execution where this was not done by the execution of a document in compliance with the requirements of EPTL 3-2.1. Clearly, if a testatrix cannot simply “correct” her own instrument during her life, no one else can correct it after execution, either before or after the testatrix’ death.
There remains the question as to whether the balance of the propounded instrument can be admitted as the testatrix’ will without the missing page “4”. The undisputed sworn proof submitted to the court indicates that the testatrix was aware of and reviewed all of the dispositive provisions contained in the papers before her at the time of execution, as well as the designation of a fiduciary. In this *1054 particular case, the instrument’s provisions which contain any pertinent directive are as complete without page “4” as with it. None of the legatees are under a disability so that the provisions dealing with this subject are superfluous. The balance of the missing page is no more than a recitation of powers that the fiduciary would have under EPTL 11-1.1 whether these powers were repeated in the will or not. The lack of significance to the lay person of such superfluous provisions, which can be properly characterized as legal “boiler plate”, is underscored by decedent’s embracing the instrument containing such incomplete provisions without being sensitive to the grammatical and syntactical impediments that the omissions presented to a smooth reading of the document. This is illustrative of the obfuscation and noncomprehension that can result from the automatic incorporation in an instrument of so-called “boiler-plate” legalisms in language that is as mysterious to the lay testator as any alien tongue. The incorporation of language without import adds nothing of substance to the will except length and weight. A concomitant of the axiom that a legal document should contain all that is essential to the intent of the parties is that it should likewise avoid meaningless recitations of language which by its lack of necessity can serve no purpose except to generate questions as to whether there exist some hidden reason for belaboring the instrument with the superfluous. Where legalisms are necessary and are intended to have impact on the provisions of the instrument, a challenge which the draftsman must meet is to reduce the requisite provisions to language that is commensurate with his client’s level of education and comprehension. A failure to exhibit appropriate sensitivity to this necessity is to invite an issue as to the extent that the instrument is that of the testator or of only the draftsman.
In the instant case, the court is satisfied that the testatrix wished, grasped and embraced all that was important to her in the propounded instrument. Fortunately, this coincided with all that is meaningful in the will and with the pages that were part of the instrument at the time of execution.
*1055 The issue presented is analogous to a propounded instrument being admitted to probate omitting language which cannot be given testamentary effect. This is often done. To illustrate, our statutory scheme specifically provides that should any writing in a testamentary instrument appear below the signature of the testator, it may be ignored while the provisions of the instrument appearing above the testator’s signature may be admitted to probate provided that the language above the signature which may be given testamentary effect is comprehensible and evinces testator’s dispositive intent without reference to the omitted language (EPTL 3-2.1, subd [a], par [1], cl [A]; see Matter of King, 16 AD2d 614). Likewise, changes made in the absence of witnesses by a testator after execution must be ignored. Nevertheless, the instrument as originally executed may be admitted to probate.
Here, what is presented is the novel question as to whether the instrument can be admitted, although by oversight there was omitted from it an entire page of language whose absence apparently did not impress the testatrix and which it might ordinarily be assumed that the testatrix believed was contained in the instrument. Controlling the answer is that the instrument as executed constitutes a full testamentary scheme encompassing a distribution of decedent’s entire testamentary estate, and the nomination of a fiduciary, without resort to any of the language contained on the missing page or elsewhere. What the testatrix executed was a document that the proof indicates incorporated her full testamentary intent. It is incumbent upon the court to effectuate the dispositive schemes contained in duly executed instruments which clearly incorporate decedent’s entire dispositive scheme (EPTL 3-2.1, subd [a], par [1], cl [A]). This obligation is not in any respect impugned by the absence of the missing meaningless page.
Accordingly, it is concluded that the omission of page “4” does not compel the denial of probate to the instrument as executed (EPTL 3-2.1, subd [a], par [1], cl [B]; see Matter of Lewandowski, 60 Misc 2d 1005; Matter of Strong, 7 Misc 2d 874; Matter of Frickey, 198 Misc 716, revd on other grounds 280 App Div 880). It should be noted that had the missing *1056 page contained any meaningful portion of decedent’s testamentary scheme, it is questionable, at best, whether the court could embrace only a partial instrument as decedent’s will.
The court is further satisfied that, at the time of execution, decedent possessed testamentary capacity and was not under any restraint. The instrument has otherwise been proven to have been executed in compliance with the requirements of EPTL 3-2.1, and it is admitted to probate.