**In re ESTATE OF Samuel M. WESTON; Carolyn Izzard, et al., Appellants/Cross–Appellees,**

**In re Estate of Samuel M. Weston; Hazel L. Washington, Appellant/Cross–Appellee.**

**Nos. 02–PR–799, 02–PR–816.**

District of Columbia Court of Appeals.

Argued June 11, 2003.
Decided Oct. 9, 2003.

Edward Gonzalez, for appellants/cross-appellees.

Agnes C. Powell, Greenbelt, MD, for appellee/cross appellant.

Before STEADMAN and SCHWELB, Associate Judges, and KERN, Senior Judge.

KERN, Senior Judge:

This is an appeal from the trial court's determination after hearing testimony and argument to admit to probate three pages of a five-page will executed by the testator and presented for probate after his death.[1] The trial court noted: "that pages 3 and 4 are quite different than the other [three] pages of the will." The court listed the dissimilarities as follows:

the pages are on plain paper, not bond paper; the staple holes on these pages are different than the ones on the rest of the document ...; the page borders on these pages are different; the pages are in red-lined format, while the rest of the will isn't; the format, margins and typeface are different and; the pages were prepared on a typewriter while the others were prepared on a word processor.

The court concluded: "The changes made by the substitution of the pages were not ones made in accordance with the statute which permits revival of a part revoked only through re-execution and there is no evidence that suggests that the will was re-executed after the replacement pages were added." D.C.Code § 18–109 (1981) provides in pertinent part:

A will ... or a part thereof, may not be revoked ... otherwise than by (1) a later will, codicil, or other writing declaring the revocation, executed as provided by section 18–103 ...; or (2) ...

obliterating the will ... or the part thereof, with the intention of revoking it, by the testator himself, or by a person in his presence and by his express direction and consent.

Following the trial, the trial court reaffirmed its earlier finding that the "Testator, not someone else, replaced the original pages 3 and 4."

Nevertheless, the conscientious trial judge went on to conclude "that even after revoking pages 3 and 4 of the will, there remain testamentary provisions." The court noted:

On page 2 of the will appear provisions that read "I hereby donate the total amount of $5000.00 ... to Dr. Knight Stanley for his cause." It further reads, "I bequeath to my adopted brother Samuel M. Weston III ... the total amount of $1.00." Page 5 of the will contains the residuary clause, nomination of executor, and signatures .... Page 1 of the will contains the financial arrangements for the burial and funeral of Testator.

The court did acknowledge that "[i]t is unfortunate that most of the testamentary provisions were lost due to the revocation of pages 3 and 4" and that "the origin of original pages 3 and 4 are unknown, resulting in the loss of whatever testamentary provisions Testator originally made." Nevertheless, the court ordered the will consisting of pages 1, 2 and 5 to be admitted to probate.

■ The trial court relied upon *Wolfe v. Snyder,* 48 F.Supp. 227 (D.D.C.1942), to support its determination to admit to probate pages 1, 2 and 5 of Testator's original will. There, the court enunciated the

---

1. The five pages of the will were not stapled together when the will was found and presented for probate.

proposition that "if the will intended to be substituted is inoperative from defect of attestation ... the revocation fails ... and the *original* will remains in force." *Id.* at 299 (quoting *In re Knapen's Will,* 75 Vt. 146, 151, 53 A. 1003, 1005 (Vt.1903)) (emphasis added). In the instant case, the testator's *original* will consisted of five pages of which two pages containing a number of testamentary provisions no longer exist. In our view, the decision by the then District of Columbia Court of Appeals in *Henry v. Fraser,* 29 F.2d 633 (C.A.D.C.1928), is applicable to the instant case. There, the trial court had refused to admit to probate a two-page will, the first page of which was removed (and lost) and a new page 1 substituted, "inasmuch as after its alteration it was not re-executed nor republished." *Id.* at 633. The appellate court concluded: "We think this ruling was right .... It is clear that the second sheet of the instrument was never intended by decedent to constitute her entire will, nor was it ever signed, acknowledged, or attested as such." *Id.* at 634. The record in the instant case supports the conclusion that the testator never intended to limit his testamentary dispositions to only two bequests and a residuary disposition as would be the result of admitting pages 1, 2 and 5 of his will to probate. Both his true original will and the will presented for probate contained eleven paragraphs of testamentary dispositions on their pages 3 and 4.[2]

 The process of making testamentary bequests by a will is not akin to the donning and doffing of a suit of clothing.[3] D.C.Code § 18–103 provides: "A will ... is void unless it is ... in writing and signed by the testator ... and attested and subscribed in the presence of the testator, by at least two credible witnesses." As the United States District Court for the District of Columbia has said: "In no other field of law should more care be taken over a decision to lessen requirements than in the field of Wills where the introduction of fraud must be guarded against to a greater extent because of the fact that the lips of the main 'witness' (the testator) are sealed." *In re Lee's Estate,* 80 F.Supp. 293, 294 (D.D.C.1948). Here, the testator never executed the will which the trial court admitted to probate in accordance with the Code. Therefore, we must reverse the trial court's order admitting pages 1, 2 and 5 of the testator's will to probate.[4]

*So ordered.*

---

**2.** Page 2 of the original will ends with testamentary dispositions in paragraphs III and IV, and page 5 begins with paragraph XVI. Pages 3 and 4 of the substitute will contain eleven paragraphs, headed V through XV. It is reasonable to infer that the *original* will contained similarly sequentially numbered testamentary dispositions although its pages 3 and 4 are missing.

**3.** The testator appeared to follow a casual process in executing his original will from which two pages are now missing: The attestation of the will occurred three years subsequent to the testator's execution.

**4.** We note that the New York Surrogate's Court has admitted to probate a will which contained a "missing *meaningless* page," but stated that "had the missing page contained any meaningful portion of decedent's testamentary scheme, it is questionable, at *best,* whether the court could embrace only a *partial* instrument as decedent's will." *Estate of Hall,* 118 Misc.2d 1052, 462 N.Y.S.2d 154, 156 (1983) (emphasis added). *Cf. Patrick v. Patrick,* 102 Md.App. 438, 649 A.2d 1204, 1211–12 (1994) (partial revocation invalid to make major change in character and value of residuary estate).