In the Matter of the Probate of the Will of HELEN H. FIELD, Deceased.

Surrogate's Court, New York County, November 19, 1948.

*John C. Hinkle* for Rev. Thomas McCandless, proponent.

*Robert Lee Moors* for Calvary Episcopal Church, respondent.

*Robert H. Mulreany* for Alumnae Association of the School of Nursing of the Presbyterian Hospital in the City of New York, Inc., respondent.

*Samuel C. Cantor,* special guardian for, unknown infants and incompetents, respondents.

COLLINS, S. The petitioner herein has offered for probate two wills, one dated March 21, 1946, and the other dated July —, 1946. It is undisputed that the latter will was not executed in accordance with our statutes and on the basis of the testimony must be denied probate.

In the alternative, proponent seeks probate of the March, 1946, will, offering an unexecuted carbon copy which remained in the possession of the attorney for the deceased. The original will was delivered to the deceased by her attorney and was not found after her death. The presumption, therefore, follows that it was destroyed by her in her lifetime with the intention of revoking it.

The proponent urges the application to the situation here of the so-called doctrine of dependent relative revocation. He argues that if deceased revoked her March will by destroying it, it was done so under the mistaken belief that the July will was valid; that had she known that the July will could not be probated she would not have destroyed the March will; that her intent to revoke it was only conditional and based upon a mistake and that therefore it was not legally revoked. There is no testimony as to whether deceased destroyed the March will before or after the making of the July will. In any event the doctrine of dependent relative revocation has never been recognized here (*Matter of McCaffrey,* 174 Misc. 162, and cases cited therein). As stated by the late Surrogate FOLEY in that case (p. 173) : '' The history of our statutes, the decisions and our public policy exclude the existence of the doctrine of dependent relative revocation as a rule of law in this state.'' The unexecuted carbon copy of the March will is, therefore, also denied probate.

Submit decree on notice denying probate to both propounded instruments accordingly.